Roby vs. Hudd.

An order striking from the calendar an appeal from a justice of the peace on the ground that no notice of trial had been given, merely works a continuance, and is not appealable.

APPEAL from the County Court of *Outagamie* County.
*W. S. Warner*, for appellant.
*T. R. Hudd*, in person.

Paine, J.   This action was commenced before a justice of the peace, and was taken by appeal to the county court. A return having been made, the plaintiff's counsel noticed the case for hearing, and it was put on the calendar. This was done within the fifteen days next preceding the commencement of the session of the legislature. The defendant moved to strike it from the calendar, for the reason that he had been elected a member of the legislature, and, by the constitution, was exempt from the service of civil process at the time the notice of trial was served. He claimed that the notice of trial constituted a breach of his privilege. The county court granted the motion; and from that order this appeal was taken.

But the order is not appealable. If it merely worked a continuance of the case, it would not be claimed to be appealable. But counsel contended that because the statute in regard to appeals from justices' courts provided that when noticed for hearing, they should be placed on the calendar, " and remain there without further notice," the order striking it off was equivalent to a final disposition of the case, and that there was no way to get it on again. But whether the county court was right or wrong in striking the case off, upon the ground stated, it undoubtedly has power to replace it on the calendar on motion. The order certainly was not intended to work a dismissal of the appeal, and cannot be construed as having that effect. It was no more than a continuance of the case, which was within the discretion of the court. And though, perhaps, the more regular method, in view of the statute above referred to, would have been to grant an ordinary continuance, yet the form adopted cannot be said to be so substantially different as to make the order appealable.

The appeal must therefore be dismissed, with costs.

*By the Court.*—Ordered accordingly.