TOWN OF RIPON VS. JOINT SCHOOL DISTRICT No. ELEVEN OF THE TOWNS OF RIPON AND BROOKLYN AND THE CITY OF RIPON.

Where the " case," or bill of exceptions, does not give all the evidence upon which certain facts were found by the court below, this court must presume that the finding was supported by the evidence.

A town treasurer paid to the treasurer of a school district in his town, the amount of a tax for school purposes returned as delinquent, and for which the town had been credited on settlement with the county. Subsequently the supervisors of the county held the tax to be illegal, and the amount so credited to the town was charged back to and paid by it. *Held*, 1. That the town could not recover the amount from the district if the tax was in fact legal. 2. The tax in this case having been invalid, and the town treasurer not appearing to have acted with knowledge of the facts which rendered it so, the town was entitled to recover the amount so paid.

Whether the town superintendents of the several towns in which a joint school district is situated, can make a valid change of the boundaries of such joint district without meeting and acting together, or whether an order filed by one of them

with the clerk of his town, and subsequently indorsed by the others, would be sufficient for such a purpose, *quære.*

But if such an order would be sufficient to annex new territory to the district, it must be so indorsed *before* the levy of a tax upon such territory as a part of said district, or the levy will be void.

APPEAL from the Circuit Court for *Fond du Lac* County.

A stipulation was filed in this action which sets forth the following facts: Prior to the 17th of August, 1858, *Joint School District No.* 11, (the defendant) consisted of a part of the town of Ripon, and of the city of Ripon, both in Fond du Lac county, and a part of the town of Brooklyn, in Green Lake county. On the day last mentioned, the town superintendent of said town of Ripon made an order directed to the clerk of said town, and filed in the office of said clerk, directing that certain parts of sections 5, 6, 7 and 8 in said town should thereby be joined immediately to said *District No.* 11. No copy of this order, nor any similar order directing such change in the boundaries of the district, was filed in any other town or city; but at separate times, at some period thereafter, the superintendents of the town of Brooklyn and the city of Ripon indorsed on said order their concurrence therein. The territory which the order professed to annex to the defendant, formed, prior to said 17th of August, part of another joint district consisting of parts of towns in Fond du Lac, Marquette and Winnebago counties. In the fall of 1858, the district clerk of the defendant filed with the clerk of the plaintiff his sworn statement of the amount of taxes for building a school house and for other district purposes, voted at the annual meeting of said district for that year, with a list of the persons and lands liable to such tax in that part of the district situate in the town of Ripon. This statement included the lands in said sections 5, 6, 7 and 8. The clerk of the plaintiff assessed the taxes in accordance with this return; and the sum of $157.41 appeared by the assessment roll to be due for such district school tax from the persons owning lands in said sections 5,

6, 7 and 8. At the time when such return and such assessment were made by the district and town clerks respectively, those officers supposed that the lands last mentioned were within the boundaries of said *District No.* 11, and liable to said tax. The town treasurer of the plaintiff was unable to collect any part of said sum of $157.41, and returned the same as delinquent. On settling with the treasurer of Fond du Lac county, the plaintiff was credited with said $157.41, and afterwards, on the 1st of March, 1859, paid that amount over to the defendant, who used the same in payment of its indebtedness, &c. At the time of the settlement between the town and county treasurer, and at the time said money was paid by the town treasurer to the district treasurer, each of those officers believed the tax in question to have been properly assessed. At the next meeting of the board of supervisors of Fond du Lac county thereafter, that board held said tax to be illegal and void, and ordered said sum of $157.41, with interest from March 1, 1859, to be charged back to the *Town of Ripon*, which was done; and plaintiff paid said sum to the county before the commencement of this action, and also made demand of the same from the defendant, which was refused. This action was brought to recover the amount so demanded.

Trial by the court without a jury. The "case," settled by the counsel, contains only the pleadings, the agreed statement of facts in writing, the finding of the court, and the exceptions filed thereto. The finding states that the cause was submitted upon the written stipulation "as well as upon the verbal admissions of the facts made before the court by the parties, and the certificates of cancellation of the certificates of sale of land described as taxed in the stipulations herein." The court found, among other things, that the whole of the amount paid by the plaintiff to the defendant as delinquent taxes, "was illegally taxed, levied and returned, * * which the defendant then and there well knew, and that the same was wholly void,

whereby the defendant became liable to pay," &c. Judgment for the plaintiff; from which the defendant appealed.

*A. B. Hamilton*, for appellant :

If the order of the town superintendent annexing to *District No. Eleven* the territory upon which was levied the tax in question, was void, still it was a matter of record. The town treasurer was the agent of the town in paying the money over to the district. He knew the facts in relation to this order. It is stipulated that all the officers who had anything to do with voting, collecting and paying over the money, acted in good faith. There was simply a mistake as to the legal effect of the order, and the plaintiff cannot recover on the ground of such a mistake. *Hurd vs. Hall*, 12 Wis., 124; *Town of Rochester vs Alfred Bank*, 13 id., 440. 2. It would be inequitable to permit the town to recover this money. The money was voted to build a school house after the annexation of the territory, and spent in the erection of a house adequate to the wants of the district as thus enlarged. An action will not lie to recover money voluntarily paid, when the party might, with good conscience, receive it, although he could not recover it at law. 1 Dall., 148. See also *Pangburn vs. Bull*, 1 Wend., 345, and *Mowatt vs. Wright*, id., 355.

*E. L. Runals*, for respondent. [No brief on file.]

*By the Court*, COLE, J. As this case does not purport to contain all the evidence given on the trial, it is impossible for us to say that the finding of the court upon· the facts was incorrect. The court says, in the finding, that·the cause was submitted upon the written stipulation and the facts therein stated, as well as upon the verbal admissions by the parties, of facts before the court, and other evidence. Now the written stipulation is given, but we are not informed what facts were admitted before the court by· the parties. Under such circumstances, it is manifestly impossible for us to say that the judge erred in his finding of facts. On the contrary we must pre-

JANUARY TERM, 1863.                    87

Town of Ripon vs. Joint School District No. 11, &c.

sume, from the state of the record, that the finding was fully sustained by the evidence.

This action was brought to recover back money which had been paid the district by the town of Ripon on a delinquent school tax. It appears that the school district had levied and assessed a tax upon certain lands and property which, it was claimed, had never been legally annexed to the district. The taxes were not paid on these lands, and were returned to the town as delinquent. On settlement with the county, the town was credited with the amount of this delinquent tax, and then paid that amount to the district. At this time the tax was supposed to be valid and binding by the county and town officers. Afterwards the county board of supervisors ordered that the amount of this delinquent tax be charged back to the town of Ripon, on the ground that the tax was illegal and could not be collected by sale of the real estate against which it was charged.

It is now claimed that this action of the county board in declaring the tax void was entirely unauthorized. It is obvious the board could not make a legal tax void by declaring it so. But the difficulty is that the tax is not shown to be valid. On the contrary, from what evidence we have before us, we should be compelled to hold the tax illegal. It was manifestly incumbent on the school district to show that it was valid. This it failed to do. The school district was a joint one, composed of territory partly in the town of Brooklyn and partly in the town and city of Ripon. The town superintendent of the town of Ripon, in August previous to the levying of this tax, attempted to annex to the district other territory, namely, the very lands upon which these delinquent taxes were assessed. This was done without the concurrent action of the town superintendents of the town of Brooklyn and the city of Ripon. No legal annexation of territory could be made to the district without such joint action. The statute is most explicit upon that point. Sec. 65, chap. 80, Laws of 1854. But it is said

that it did appear that the town superintendents of the town of Brooklyn and of the city of Ripon indorsed on the order making the annexation their concurrence in such alteration. But when did they make this indorsement? Before the school tax was levied and assessed? This does not appear from the testimony. And as the district was defending the suit upon the ground that the tax was legal, it should have shown that the other superintendents approved the alteration before the tax was imposed. We do not wish to be understood as intimating an opinion that a joint school district could be formed or changed in this manner without the superintendents meeting and acting together. Our opinion is the other way. But even conceding that it could, yet it is not shown that the other superintendents had approved of the alteration when the tax was laid.

It is said that all the officers who had anything to do with the voting, collecting and paying over the money sued for, acted in good faith and upon the supposition that the tax was legal, and therefore the money was paid under a mistake of law and cannot be recovered back. We do not think this position is borne out by the evidence. There is nothing to show that the officers knew that the alteration was made by only one superintendent. They undoubtedly supposed that such action had been taken as to make the annexation valid; that is, that the superintendents had met and acted according to law. In this they were truly mistaken. But we do not think the doctrine of the cases to which we were referred upon this point applies.

The judgment of the circuit court is affirmed.