## MATHESON VS. THE TOWN OF MAZOMANIE.

*Sworn lists of taxable personal property—Town officers cannot increase valuation of " non-enumerated" articles—Liability of town for illegal taxes collected.*

1. Neither the board of supervisors of a town, the town clerk, the assessor, nor all of them, can lawfully increase the valuation of the "non-enumerated articles" specified in sec. 8, ch. 386, Laws of 1860, after the tax-payer has made out and verified his statement as required by the act.
2. The town is liable to the tax-payer for so much of the taxes and charges upon such additional valuation paid under protest as came into the hands of its treasurer for the use of the town.
3. But for such parts of said illegal taxes &c. as were received by said treasurer for the use of the county and state, the town is not liable in an action as for money had and received.

APPEAL from the Circuit Court for *Dane* County.

The plaintiff, a resident of the town of Mazomanie, listed his personal property liable to taxation there in 1864, as follows: "Horses over two years &c., 1—$150.00 ; gold and silver watches, 1—$50.00 ; aggregate of all other articles of personal property, $800.00. Total, $1,000." This statement he verified by the oath prescribed by law. The assessor, in his tax roll, opposite the entry of $1,000 against the plaintiff's name, added the words "by the owner." Afterwards the chairman of the town board of supervisors, the deputy town clerk and the assessor altered said roll, by adding $5,000 to the sum of $800 so listed by the plaintiff as the value of his "non-enumerated" articles of personal property, writing over said sum the word "equalized," and returned the roll so altered to the clerk of the board of supervisors of Dane county ; who, in making out the assessment roll for said town, charged the plaintiff as taxable on the sum of $6,000 ; and the town clerk's warrant to the town treasurer directed him to collect taxes upon that sum. The plaintiff having voluntarily paid the amount properly due from him upon the $1,000 listed by him, the town treasurer seized certain of his goods and chattels, and advertised them for sale, to raise the amount of taxes and charges claimed to be still due ; and the plaintiff paid that amount under protest; and brings

this action to recover it. The town demurred to a complaint stating these facts; and this appeal is taken by the plaintiff from an order sustaining the demurrer.

*J. H. Carpenter*, with whom were *Spooner & Lamb* of counsel, for appellant, argued that the town board has no power, under sec. 22, chap. 386, Laws of 1860, or otherwise, to increase the valuation of "non-enumerated" articles which have been listed under oath by the tax-payer himself. 2. An action lies against a town which has received money paid to it involuntarily and under protest, for taxes wrongfully assessed. 24 Pa. St., 421; *Adams v. Litchfield*, 10 Conn., 127; 4 Met., 181; 17 Mass., 461; 12 Pick., 7; 12 N. Y., 52; 4 E. D. Smith, 404; 2 Duer, 521; 3 Cush. (Mass.), 567. In *Lorillard v. Town of Monroe*, 12 Barb., 161, and 11 N. Y., 395, it was held that the assessors of the town were not its agents so as to make it liable for their mistakes or malfeasance; and that the town had not received the money illegally collected, because the town as such *had no treasury.* This action is not founded on the theory that the board of supervisors are the agents of the town, but on the ground that the town has received the plaintiff's money, which it ought not to retain. Counsel cited the statutes of this state relating to the powers of towns, and the powers and duties of the town treasurer, to show that the reasoning in the case last mentioned does not apply here. The town clerk's warrant in this case was for $8,332, of which $6,551 was for town or other local taxes. Of the $167.14 illegally exacted from the plaintiff, $131.42 remained in the hands of the town treasurer, after paying the state and county taxes; and the town is clearly liable for this, together with the sum extorted as fees for collecting it. As to the residue, we place the liability of the town upon the ground that it was charged with a certain sum as its share of state and county taxes, and although its treasurer paid the $35.72 to the state and county, it went to discharge a debt of the town. It is true that as the charge against the town was made upon the basis of the tax list as erroneously altered, the

charge was a trifle more than it ought to have been, but that mistake, if worth correction, can be corrected as between the town and county, and the plaintiff should not be driven to a multiplicity of suits on that account. If the board of supervisors are town officers, then the town should make the matter right with the plaintiff; if they were the agents of the county, then the town shold look to the county to correct the error. Besides, the money was paid under protest, and it is the fault of the town if it has allowed its treasurer to pay it over to anybody. It is to be presumed the treasurer retains it, as it was his duty to do. Counsel also cited *Bullwinkle v. Guttenberg*, 17 Wis., 583.

*Hopkins & Foote*, for the respondent, argued that there is no substantial difference between the duty of the town treasurer under our statute, and that of the collector under the New York statute; both being directed by statute as to the disposition of the money collected. R. S. of N. Y., vol. 1, 337, 340 (marg.); R. S., 1858, 175, and secs. 91, 92, ch. 18, p. 217. The treasurer is the agent provided by statute for collecting the money and paying it over to the parties entitled to it by statute. It does not in any sense go into the town treasury, so as to make the town liable as for money had and received. 2. The alleged wrongful acts of certain officers do not make the town liable. They are not its agents. *Lorillard v. The Town of Monroe* (12 Barb., 161, and 1 Kern., 392,) is conclusive on this point. See also 1 Kern., 563. 3. Counsel contended that the plaintiff having omitted to state on his list of property whether he had any "money and credits," or any "merchants' or manufacturers' stock," &c., the assessor had a right to add to the list under sec. 35, ch. 167, laws of 1859. And if the act of the assessor was not a wrongful one for which he would be liable, then the town has not received money through the wrongful act of its officers, which it ought to refund. *Weaver v. Devendorf*, 3 Denio, 117; *Van Rensselaer v. Witbeck*, 7 Barb., 133; *Rochester White Lead Co. v. City of Rochester*, 3 Coms., 463; *Vail v. Otis*, 22 Barb., 22.

Davis et al. vs. The President, &c., of the Village of Menasha et al.

DIXON, C. J.   In this case we hold :

1. That neither the board of supervisors of the town, the town clerk, nor the assessor, had power to increase the valuation of the non-enumerated articles specified in section 8 of the act (Laws of 1860, chap. 386), after the plaintiff had made out and verified his statement as required by the act.

2. That the addition of the sum of $5000 to the valuation of the non-enumerated articles, by the chairman of the board of supervisors, the deputy town clerk and the assessor, as stated in the complaint, was unlawful, and void as against the plaintiff.

3. That the *Town of Mazomanie* is liable in this action to refund to the plaintiff so much of the taxes and additional charges upon said sum of $5000 as came into the hands of the town treasurer for the use of the town. This includes all the moneys thus illegally collected by the treasurer from the plaintiff, except the amounts collected for county and state taxes and the fees thereon. These last sums cannot be said to have come into the hands of the town treasurer for the use of the town, but were received by him for the use of the county and state. For them, therefore, the town is not liable in an action as for money had and received.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

---

DAVIS and others  vs. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF MENASHA and others.

*Bill of Exceptions, by whom to be settled.*

1   This court has no power to settle a bill of exceptions in a cause tried at the circuit court, where the judge before whom the trial was had died before the bill was settled; nor under any other circumstances.

2.   It is the practice in this state for the judge before whom the cause was tried, if living, to settle the bill of exceptions, even after the expiration of his term of office; and there seems to be no objection to this practice. Per COLE, J.