## WHITE vs. THE CITY OF APPLETON.

*Board of Equalization.*

A board of equalization had no power to increase the valuation placed upon a merchant's stock in his sworn statement, under ch. 538, Laws of 1865.

APPEAL from the County Court of *Outagamie* County.

The plaintiff, a merchant, set down the monthly average of his stock at $660, in his sworn statement returned to the

assessor under the law of 1865. The board of equalization of the city of Appleton added to the valuation the sum of $2,400. The plaintiff paid $37.00, being the tax on $1,000, and paid the further sum of $74.81 (the tax on $2,060.) under protest, after his goods had been seized therefor, and brought this action before a justice of the peace to recover back the $74.81. The answer alleged that the statement returned by the plaintiff was false and fraudulent; that he had in his possession, liable to taxation, at the time of making such statement, personal property to the amount of $3,060; and that the board of equalization ascertained that fact upon examination, and added the $2,400 in order to equalize the burden of taxation. After demurrer to the answer overruled, trial had, and judgment in favor of plaintiff for $51.80, defendant appealed to the county court. On the trial there, plaintiff testified, among other things, that when he took an account of stock, he discovered he had made a mistake in listing only $660; that $1,400, was the average amount, which he should have listed. Defendant gave in evidence the minutes of the proceedings of the board of equalization, which contained the following: "On motion, the board proceeded to a review and equalization of the assessment of 1866. On motion, W. D. White raised from $660 to $3,060." He also showed that due notice was given of the meeting of the board. The plaintiff made an offer of proof that the board raised his assessment without any evidence before them, and of their own motion, which was rejected on the ground that the action of the board was final and conclusive. Judgment for the defendant; and plaintiff appealed.

*Hudd & Wigman*, for appellant.

*W. S. Warner*, for respondent:

The evidence shows that the plaintiff's sworn statement was fraudulent and false. The board of equalization acted

in a judicial capacity; it must be presumed that they acted on proper evidence, and their acts cannot be inquired into collaterally. 6 Barb., 621. Their assessment was a judicial act, upon which a *certiorari* would lie. 3 Denio, 119; 5 Barb., 607; 47 id., 320; 35 N. Y., 238. The only question is, whether the board has, under any circumstances, the right to change or equalize the value of personal property, as sworn to, under sec. 7, ch. 538, Laws of 1865. The oath required by that section is to " a statement of all personal property which by this act he is required to list," and the next section provides that " in no case shall the person making the statement be allowed to value the property which he is required to list." The 22d section provides that the board of equalization " shall annually equalize the assessment of new entries, new structures, and personal property, and such equalized value shall be the true value thereof, and shall be so returned by the assessor." See 18 Wis., 257.

DIXON, C. J. The only question in this case is as to the power of the board of equalization of the city of Appleton to increase the value of an item of merchant's stock listed and returned, and the value thereof sworn to, by the plaintiff, in a statement made by him pursuant to the requirements of chapter 538, Laws of 1865. The plaintiff, a merchant doing business at the city of Appleton, stated the value of the personal property pertaining to his business, at the sum of $660. To this the board of equalization added the further sum of $2,400, and the same was carried out in the assessment roll, and the plaintiff assessed accordingly. An examination of sections 13, 14 and 15 of the act will show very clearly that property of this description is to be listed and returned, not article by article like the items of personal property elsewhere designated by the act as " enumerated articles," of which the assessor is to fix the

value, but by the average value of the stock on hand throughout the year, which value is to be ascertained and fixed by the owner himself. The law in this respect is the same as by the act of 1860. (Laws of 1860, ch. 386, secs. 13, 14 and 15), under which the case of *Matheson v. The Town of Mazomanie*, 20 Wis., 191, was decided; and the rule of that case must govern this. The board of equalization had no power to increase the valuation of the property in .question.

*By the Court.*—Judgment reversed, and a new trial awarded.