## PHILLIPS vs. THE CITY OF STEVENS' POINT.

TAXATION: (1) *Power of board of review in changing assessor's valuation of personal property.* (2) *Right of action for taxes illegally assessed and collected.*

PLEADING: *Complaint not liable to demurrer for surplusage in stating facts, or for demand of excessive judgment.*

I. Under sec. 25, ch. 130, Laws of 1868, the "board of review," in changing the aggregate .valuation by the assessor of a tax-payer's personal property, can act only upon testimony and under oath.
2. Where taxes have been illegally assessed, and collected by distress, for the use of a city, and paid into its treasury and appropriated by it, the tax-payer may recover the amount in an action at law against the city.
3. Where a complaint against a city showed such illegal assessment and collection of taxes, and their payment to and appropriation by the city, but further alleged that the plaintiff's goods levied upon were worth $400, and that they were sold for $175, the amount of taxes so illegally assessed, and that plaintiff had been " damaged in the sum of $400," and claimed judgment for that sum: *Held,* upon a demurrer to it for insufficiency, that it must be treated as stating a cause for the recovery of the taxes illegally collected, and that the demurrer was properly overruled.

APPEAL from the Circuit Court for *Portage* County. The principal averments of the complaint are stated in the opinion, *infra.* It is also alleged that the amount illegally assessed upon the plaintiff, and collected by sale of his chattels, was $176.14 ; that the value of the chattels seized and sold was $400 ; that the same were sold for $175 ; that, of this sum, $8.31 was applied to the payment of the fees and charges of the officer who made the sale, and $166.69 to the payment of said illegal assessment; that plaintiff "has been damaged in the premises in the sum of $400," and asks for judgment against the defendant for said sum of $400 and costs, "and that he may have such other or further relief, or both, in the premises, as shall be just and equitable."

A demurrer to the complaint, as not stating a cause of action, was overruled; and defendant appealed.

*G. L. Park*, for appellant, stated that the summons in this action was one for relief,* and insisted that the action was one for damages resulting from an alleged trespass, and not one to recover back moneys received by defendant to plaintiff's use. In this view, the demurrer is well taken, because a municipal corporation is not liable for a trespass committed by an officer acting under general laws which prescribe and impose his duties, even though such officer is appointed by the corporation. The liability of such a corporation for acts of its officer is limited to those acts over which it has supervisory control, and can stay him, or order him to proceed. 1 Hill, 545; 2 Denio, 447, 448, and authorities there cited. 2. The board of review have authority, under sec. 25, ch. 130, Laws of 1868, to raise the assessed value of personal property as fixed by the assessor. *Matheson v. Mazomanie*, 20 Wis. 191, is not applicable, having been decided prior to the act of 1868. 3. The plaintiff should not be permitted in this suit to recover a judgment for the $175 for which the property was sold, as taxes illegally assessed and collected, because, if he had sued in proper form for that sum only, defendant might have elected to pay that sum, and save the expense of litigation.

*James O. Raymond*, for respondent, contended that the complaint alleged facts showing plaintiff entitled to recover moneys illegally assessed and collected, and paid into the city treasury for the use and benefit thereof, and actually used by it; and that the plaintiff's demand for a greater sum did not render the complaint demurrable. *Mitchell v. Smith*, 14 Wis. 564.

DIXON, C. J. The complaint charges that the board of review, "arbitrarily, and of their own motion, and without any proof being furnished to said board,"

*The printed case does not show the form of the summons.

raised the aggregate valuation of the personal property of the plaintiff, as the same had been fixed and determined by the assessor, three thousand five hundred dollars. The complaint also shows that the plaintiff was compelled by distress and sale of property to pay the taxes on the sum thus added to the valuation. The statute prescribing the powers and duties of the board of review is sec. 25, chap. 130, Laws of 1868. It is obvious from an examination of that section, that the board had no authority to do what they are here charged with having done. They are authorized to review and examine all valuations of real or personal property and bank stock, and to correct any errors apparent in the description of property or otherwise, and for that purpose they are "required to hear and examine any person or persons upon oath, who shall appear before them, in relation to the assessment of any property upon said roll, or in relation to any property omitted therein ; and such examination shall be reduced to writing by the clerk, and carefully preserved on file in his office ; and if it appear that any property has been valued by the assessor too high or too low, they shall increase or lessen the same to the true valuation, according to the rules for valuing property prescribed by this act." It appears thus, very plainly, that the board were not to act arbitrarily and without any proof being furnished, but only upon the testimony of persons examined under oath ; and that the act of the board here complained of was unauthorized, and imposed no obligation or duty upon the plaintiff to pay the taxes. It results from this, that the plaintiff has his remedy to recover back the money so illegally collected from him by the seizure and sale of his property, and all of which, he avers, was collected for the use and benefit of the city and paid into its treasury, and appropriated and used by it. And this, we think, must be regarded as the nature of the action here instituted ; and, so

regarded, the complaint states a good cause of action for the recovery of the whole sum collected, within the principle laid down in *Matheson v. Mazomanie*, 20 Wis. 191.

It follows, that the order appealed from, overruling the demurrer to the complaint, must be affirmed, and the cause remanded for further proceedings according to law.

*By the Court.*—It is so ordered.