## TAINTER vs. LUCAS, County Treasurer, and others.

*Injunction to restrain sale for taxes, dissolution of. Pleadings. Presumption of regularity.*

:. In order to justify the dissolution of an injunction upon complaint and and answer, where the facts constituting a cause for such injunction are stated positively in the complaint, the denial in the answer must be of the same positive character as the averment.

| 29 | 375 |
| 76 | 589 |
| 29 | 375 |
| 81 | 13 |
| 29 | 375 |
| 82 | 539 |
| 29 | 375 |
| 113 | 7114 |

2. An averment in the complaint that a majority of the members of the town " board of review " acted fraudulently and corruptly in affixing an excessive valuation upon plaintiff's property, however positive in form, can only be, in fact, an averment *upon information and belief.*

3. Where, therefore, the action to restrain the collection of the tax by a sale of the land is against officers not charged with the fraud, their answer upon information and belief, denying the fraud, is sufficient to require a dissolution of the injunction, if it is founded merely on such averment of fraud.

4. If the " board of review," on plaintiff's appeal from the assessor's valuation, fixed the valuation of plaintiff's land above its real value *arbitrarily*, and against all the evidence before it, that would be good ground for an injunction to restrain the sale of the land for the tax.

5. But a complaint which merely states what the plaintiff testified before the board as to the value of the land, and that the board refused to reduce the valuation in accordance with his testimony, without stating that this was the only evidence presented on the subject, does not show that the board acted in disregard of all the evidence before it, and will not sustain the injunction.

6. *It seems* that in charging the members of a " board of review " with acting corruptly and fraudulently in valuing property, facts showing the fraud should be stated; and an important, if not essential, fact to make out the fraud is, that they acted arbitrarily and against the evidence.

7. All reasonable presumptions must be made in favor of the regularity and validity of the action of public officers and tribunals; and it will be presumed, until the contrary is shown, that there was sufficient evidence before the " board of review" to justify its valuation of plaintiff's property.

APPEAL from the Circuit Court for *Dunn* County.

This action was brought against the county treasurer of the county of Dunn, the board of supervisors of that county, and the town of Menomonie, to restrain the sale of the plaintiff's lands for taxes assessed thereon in the town of Menomonie for the year 1870, and to have the assessment and proceedings to collect declared void and set aside, on the ground of fraudulent discrimination against the plaintiff, and over valuation of his property by the assessor and the majority of the board of review.

Upon the complaint, setting forth this cause of action, a pre-

liminary injunction was issued in May, 1871. The defendants answered, denying the equities of the complaint, and moved, at the September term following, " upon the papers, records and proceedings on file and recorded," for a dissolution or modification of the injunction. This motion was denied, and the defendants appealed.

The pleadings, so far as material to a full understanding of the points decided, are stated in the opinion of the court.

*Finches, Lynde & Miller* and *Bundy & Macauley*, for appellants :

1. The allegations of the complaint are insufficient to establish any fraudulent or corrupt conduct in the board of review. It does not allege facts upon which to predicate the charge of fraud and corruption, nor in terms profess to give all the evidence which was before the board of review. The presumption is in favor of the regularity and validity of the proceedings of that board. The court cannot adjudge the members of it guilty of malfeasance in the discharge of their duty, without a knowledge of all the facts which were before it as to the valuation of the land. 2. The answer denies the alleged fraudulent and corrupt conduct of the assessor and members of the board. Under the circumstances, this answer ought to be taken to be true; and, upon it, the injunction ought to have been dissolved. *Warden v. Sup'rs of Fond du Lac Co.*, 14 Wis., 618; 4 Johns. Ch., 26; 2 Sandf., 675; 2 Code Rep., 110; 5 Abb. Pr. R., 70–276; 18 How. Pr. R., 186; 22 id., 426; 21 id., 404; 13 Abb. Pr. R., 298. 3. The action of the board was judicial in its character, and final. They did examine and review the valuation of the plaintiff's real estate. This court cannot review their action in a collateral proceeding; at least, not without having before it all the facts which were before the board. *Drucker v. Solomon*, 21 Wis., 621; 35 N. Y., 238; 37 id., 511; 4 Abb. (N. S.), 469; 40 N. Y., 155. 4. The court, as a condition of continuing the injunction, should have ordered the payment of that portion of the tax admitted to be just and equitable, as asked by the defendants. The plaintiff admits in his

complaint that he ought justly and equitably to pay a sum specified, and he will have to pay that sum, even if he obtains the relief sought. *Bond v. City of Kenosha*, 17 Wis., 284; *Mills v. Johnson*, id., 598; *Hersey v. Sup'rs of Milwaukee Co.*, 16 id., 185. 5. Before the plaintiff can legally ask for the relief sought in this case, it should affirmatively appear that he was prevented from availing himself of his legal rights by the fraudulent conduct and acts of the opposite party. 6 Johns. Ch., 87; 1 Comst., 281; 3 Barb., 619; *Albany and W. Stockbridge R. R. Co. v. Town of Canaan*, 16 Barb., 249.

*H. A. Wilson* and *P. L. Spooner* for respondent:

1. The complaint charges a fraud on the part of the taxing officers, which vitiates the whole tax, and equity will restrain the collection thereof. *Lefferts v. Board of Supervisors of Calumet County*, 21 Wis., 690; *Milwaukee Iron Co. v. Town of Hubbard, supra*, p. 51. 2. All the allegations of the complaint are positive, but those of the answer are some of them " on information and belief"; which must be held to qualify the general denial; and the verifications are by parties who could not know positively that the charges of fraud were not true. An injunction will not be dissolved on the ground that the answer denies all the equities of the complaint, when the denial of a material allegation positively averred, is upon information and belief. *Atty. General v. Cohoes Co.*, 6 Paige, 133; *Ward v. Van Bokkelen*, 1 id., 101; *Fulton Bank v. N. Y. & Sharon Canal Co.*, id., 311; *Rodgers v. Rodgers*, id., 426; *Roberts v. Anderson*, 2 Johns. Ch., 202; *Carpenter v. Danforth*, 19 Abb. Pr. R., 225; *Smith v. City of Appleton*, 19 Wis., 468. 3. The wrong complained of could not be brought before the court by writ of *certiorari*, as that brings up only the record. An action to restrain the collection of the tax is the only remedy. *Roberts v. Warren*, 3 Wis., 736; *Frederick v. Clark*, 5 id., 191. 4. The acts of taxing officers are chiefly ministerial and not judicial. 5. If there was fraud in the assessment the whole tax is void, and the court, therefore, properly refused to require the pay-

ment of the amount admitted to be due as a condition of con-
tinuing the injunction. It cannot assume the power of assess-
ing and levying taxes, and cannot, without doing so, separate
the illegal from the legal tax. *Cram v. City of Janesville*, 20
Wis., 305.   6. The plaintiff has shown his willingness to do
equity, but the defendants, by the wrongful act of their agent,
have rendered it impossible for him or the court to determine
what amount of the tax he ought to pay.

LYON, J.   This is an appeal from an order made by the
circuit court, denying a motion of the defendants to vacate or
modify a preliminary injunction restraining the defendant, the
county treasurer, from selling the lands of the plaintiff, which
had been returned to such treasurer for the non-payment of cer-
tain taxes assessed thereon.   The injunction was allowed upon
an *ex parte* application, made when the action was commenced.
The motion was heard upon the complaint and answer, both of
which were duly verified.

The complaint alleges that the plaintiff is the owner of the
lands therein described, consisting of several lots and parcels in
the town of Menomonie, in Dunn county, and states the
sum at which each of such lots and parcels was valued and
assessed upon the assessment roll of the town for the year 1870,
by the assessor of such town for that year.

The complaint then proceeds as follows:   " 5. That said as-
sessment roll, with said valuation of said property so entered
upon it, was, at the annual meeting of the town board of review
of said town in said year, laid before said board as required by
law ; that the plaintiff appeared before said board of review at
said annual meeting, and was examined upon oath in relation
to the valuation of said property as entered upon said roll ; that
said board of review, after such examination, refused and de-
clined to lessen, reduce or otherwise change the valuation en-
tered on said roll of any of the said described property," except
in a single instance therein specified.

. In paragraph ten of the complaint, the alleged value of each lot and parcel of land is given, which value is greatly below that fixed by the board of review in every case ; and it is therein alleged that the plaintiff testified before the board that the values stated in that paragraph were the true values of the respective lots and parcels of land therein described.

This is all of the information which the complaint gives of the testimony before the board concerning the value of such lands. Whether the plaintiff testified further than merely to state the value of his lands, or whether other witnesses testified on the same subject, we are not advised by the complaint.

The values fixed upon the lots by the plaintiff, were much less than the sums at which they were assessed; and, in the case where the valuation of a lot was reduced by the board of review, it was only reduced to a sum which was nine thousand dollars in excess of the value fixed by the plaintiff.

The complaint further alleges that the assessor, "in assessing as aforesaid the said property of the plaintiff, with the intention and design of making the plaintiff pay more than his just and equal portion of the taxes to be paid in said town, fraudulently and corruptly made a distinction against the plaintiff, and fraudulently and corruptly assessed his property to an amount greatly in excess of its true, just and equitable value for taxation, and greatly in excess of the assessed value of any and all other property assessed in said town in said year, belonging to and owned by parties other than this plaintiff and those associated in business with him, as hereinbefore set forth." It also charges that a majority of the members of the board of review, to wit, the assessor and town clerk, were actuated by the same corrupt and fraudulent motives, in refusing, as such members, to lessen the valuations of the plaintiff's lands. It is unnecessary to state the further averments of the complaint.

The answer contains a general denial of those portions of the complaint which charge the assessor and town clerk with fraud, and it positively alleges that "the said board of review did not

make, or attempt to make, any unjust, wrongful or fraudulent discrimination against said plaintiff in the assessment or valuation of said real property of the said plaintiff." It also contains further allegations "upon information and belief," to the effect that such assessment and valuation were honestly and fairly made by the assessor and the board, in strict compliance with the law, without fraud or evil intent, and that the same is a just, true and honest valuation of the plaintiff's lands.

The averment of fraud in the complaint is positive in form. The counsel for the plaintiff contends that the positive general denial in the answer, of such fraud, is qualified by the subsequent denial thereof on information and belief, for the reason that the chairman of the board of supervisors of the town of Menomonie, and the clerk of the board of supervisors of the county of Dunn, who verified the answer, are not charged with fraud, and would not know positively that the assessor and town clerk were not guilty of the fraud charged. We think that this is a correct position. The motives which controlled the assessor and town clerk in fixing the valuation of the plaintiff's lands could not be *positively* known to any person other than themselves. No third person can swear positively to the mental processes of these officers. Hence, whatever the form of the denial of fraud in the answer, it amounts to nothing more than a denial upon information and belief.

But this principle operates as a two-edged sword. Applied to the complaint, which is verified by the plaintiff, the positive averment of fraud therein contained, becomes, in its legal effect, merely an averment thereof upon information and belief.

The denial of fraud being as broad and as positive as the averment thereof, the case comes within the rule laid down in *Smith v. The City of Appleton*, 19 Wis., 468. In that case, the rule is thus stated by the chief justice: "For the purpose of dissolving an injunction upon complaint and answer, the denial must be of the same positive character as the averment." See also *Dinehart v. The Town of La Fayette*, 19 Wis., 677.

It follows from what has been said, that, as the case now stands, the injunction, so far as it is founded upon the aver- ments of fraud, cannot be sustained. But it does not necessa- rily follow therefrom that it should be dissolved. If the com- plaint shows that the board of review, to which the plaintiff appealed from the valuation of the assessor, fixed the value of the plaintiff's land above the real value thereof, arbitrarily, and against all the evidence relating thereto, produced before it, the case comes within the decisions of this court in *Phillips v. The City of Stevens Point*, 25 Wis., 594, and *The Milwaukee Iron Co. v. The Town of Hubbard* (*ante*, p. 51), and the injunction should be sustained without regard to the averments of fraud. The allegations of the complaint relative to the proceedings before the board of review have been fully set forth, and the answer expressly admits that they are true.

·But we think that the complaint is defective in failing to state affirmatively that it contains all of the testimony before the board of review relating to the value of plaintiff's land. Although the plaintiff testified that his lands were assessed at more than their value, it does not appear but that there was other testimony before the board, preponderating over that of the plaintiff, and sustaining the valuations fixed by the board. All reasonable presumptions must be made in favor of the regularity and validity of the proceedings of public officers and tribunals. This is a very familiar rule. An application of it to this case requires us to presume that there was sufficient testimony before the board of review to sustain its action in fixing the value of the plaintiff's lands. We are not at liberty to disturb the assessment unless it affirmatively appears that the same was made in violation of law. The mere statements that the assessment is too high, and that testimony was pro- duced to the board of review tending to show that it is too high, are not alone sufficient to demonstrate that the board ought to have reduced the valuation. These statements may be true, and yet the board may have fixed the valuation in

strict accordance with the evidence before it, and as required by law.

Because of such defect in the complaint, we are compelled to hold that the injunction cannot be sustained on the ground that the valuations were fixed too high by the board of review.

We think also that the averments of fraud in the complaint, at least so far as fraud is charged against members of the board acting as such, are defective in the same particular. The facts constituting the alleged fraud should be stated ; and one very important, if not an essential, fact to make a case of fraud against such officers, is, that the board acted arbitrarily and against the evidence in fixing such valuations. As it is not claimed that the injunction can be sustained upon any other grounds than those above discussed, it follows that it should be dissolved.

The order of the circuit court, denying the motion to dissolve the injunction, must be reversed, and the cause remanded with directions to grant the motion.

*By the Court* — So ordered.