## MATTESON VS. TOWN OF ROSENDALE.

TAXATION.   (1) *School district tax.   Illegal under Tay. Stats., ch.* 23, §§ 65, 66, *unless district clerk certifies list of tax payers.*   (2) *Illegally asssessed school tax paid recoverable from town under Laws of* 1870, *ch.* 88.

1. The statute (Tay. Stats., ch. 23, §§ 65, 66) requires the school district clerk to deliver to the town clerk a statement, verified by his affidavit, showing the amount of school tax voted by his district, together with a list of all persons therein liable to a school district tax.   *Held,* that the provision for the delivery of such list is *mandatory;* and, in the absence of such a list, so delivered to him by the district clerk, the town clerk has no authority to assess the tax, nor the town treasurer to collect it.

2. In case of a tax illegally assessed by the clerk and collected by the treasurer of the town, such town (under ch. 88, Laws of 1870) is liable to the person from whom the tax is collected; and this applies to a tax for school district purposes, although the statute makes provision for refunding to the town illegal state or county taxes which it has been obliged to pay, and makes no such provision in respect to school district taxes.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover the sum of $61.17, which plaintiff claimed had been illegally collected of him by the treasurer of the defendant town, as a school district tax. After the plaintiff had given evidence of the seizure of his property to raise said sum, by the treasurer under his warrant, the tax roll of the town and the certificate of the district clerk to the town clerk, on which the tax was assessed, and that no list of the persons liable to tax in the district accompanied the same, he rested. On motion of defendant the court ordered that plaintiff be nonsuited on the ground, 1st, that the alleged cause of action is not within the meaning of ch. 88, Laws of 1870, and, 2d, that the plaintiff had not shown by proof the levy and assessment of any unlawful tax against him. From judgment of nonsuit the plaintiff appealed. The facts are stated in the opinion.

*Taylor & Sutherland*, for appellants.

*E. S. Bragg*, for respondent:

1. After the decision in *Matheson v. Mazomanie*, 20 Wis., 191, the act of 1870, ch. 88, was passed to enable tax payers to receive back illegal state and county taxes. This did not refer to school district taxes. The town has no part in voting or levying this tax, nor interest in the fund. The district levies its own taxes. The town clerk is required only to assess them. It would be manifest injustice to mulct the town for an illegality of a corporation separate and distinct from itself, and over whose acts it has no control. The plaintiff has a remedy against the district. The statute should be so construed that the party doing the illegal act should make restitution, not an innocent

party.   2.  The  town  clerk  could have assessed the tax with-
out the list.    The only object of requiring the district clerk to
make it was to save the town clerk the annoyance and vexa-
tion of searching out of the assessment roll the property liable
to taxation in the district.    He had all the data in his office.
The statement by the district clerk was not a *sine qua non.*

.  RYAN, C. J.    The treasurer of the town which is the respond-
ent here, collected a school district tax against the appellant by
sale of his property    The town clerk put the tax in question
in the tax roll, solely on the authority of a certificate or state-
ment of the clerk of the school district, that the annual meet-
ing of his district had voted a tax, giving the amount, which
the town clerk was directed to assess on the taxable property
of the district.    This certificate was verified by the oath of the
district clerk, but contained nothing further, and was unaccom-
panied by any other paper.

The statutes governing the matter require the district clerk to
deliver to the town clerk a statement, verified by his affidavit,
showing the amount of tax voted by the district, together with
a list of persons liable to tax therein ; and require the town
clerk to assess the tax upon the property liable thereto, when
the certificate of the district clerk shall be received by him.
Tay. Stats., ch. 23, §§ 65, 66.    The authority of the town
clerk rests, therefore, on the certificate of the district clerk ; and
the certificate is jurisdictional, and must follow the statute.
The omission of the list of persons liable to tax, in this case,
appears to us to be fatal to the authority to collect the tax.

It is said that the town clerk could make the list as well as
the district clerk.    Perhaps he might.    But the list of persons
is essential.    All the property in the district may be liable to
town tax, and not liable to district tax.    See Tay. Stats., ch. 18,
§ 43, and ch. 23, §§ 66, 68, 70.    School district tax rolls are to
be made out, as far as possible, from the town assessment ; but
the town assessment cannot give all the *data* necessary to the

school district assessment. Some officer must be charged with the duty of listing the persons liable to tax in the district. The town clerk cannot do it, *ex officio*, from the records of his office. It is a duty *in pais*. The statute appropriately imposes it on the district clerk. The town clerk might have done as well. *Sed non ita lex scripta.* He cannot, because the statute authorizes another officer, not him. And as the duty is essential and jurisdictional, the statute cannot be held to be directory. It is mandatory, and must be followed. Here it was wholly disregarded. And the certificate of the school district clerk is fatally defective to give authority to the town clerk to put the tax in the tax roll. The tax was illegally levied and collected.

The failure to comply with the statute affirmatively appearing, the *prima facie* presumption of sec. 178, ch. 18, R. S., is rebutted.

And the town, the respondent, is liable for the amount of the tax illegally assessed and collected by its officers. *Matheson v. Mazomanie*, 20 Wis., 191; *Hurley v. Texas*, id., 634; *Phillips v. Stevens Point*, 25 id., 594.

The first of these cases, decided in 1865, held the town liable only for so much of the illegal tax as was for the use of the town, and not liable for so much as belonged to state and county tax. It was probably in view of this rule that ch. 88 of 1870 was passed. The first section of this statute provides that any person aggrieved by the collection of an unlawful tax in any town, may recover against the town for all moneys so paid. It was urged for the respondent that, as the second and third sections of this statute make provision for refunding to a town illegal state and county taxes which the town is held to pay under the first section, and make none for refunding school district taxes, the latter are not included in the general provision. It may be that this is a *casus omissus* in the provisions for reimbursing the town, though that may not be altogether certain. But, if it be, it cannot restrict or defeat the

broad provision of the first section, for the recovery "of *all* moneys so unlawfully levied and collected." Whatever difficulty the town may have of reimbursing itself, it is certainly made liable for all illegal taxes collected by it, without exception. We cannot reason away the plain letter and purpose of the principal provision of the statute, or defeat it by argument *ab inconvenienti.*

It is said that the appellant might have recovered of the school district. That is, perhaps, not so certain as that the respondent may. *Town of Ripon v. School District,* 17 Wis., 83. But, if that were so, it only goes to show that he had another remedy, not that he has not this.

*By the Court.* — The judgment of the court below is reversed; and the cause remanded for a new trial.