Bassett and others vs. Jenkins.

---

## Bassett and others vs. Jenkins.

*Continuance: Appealable Order.*

1. An order continuing a cause is *not appealable.*
2. After an amendment of the complaint had been allowed on plaintiffs' motion, the court, on defendant's motion and affidavit of surprise, made an order of continuance, with leave given plaintiffs to file and serve an amended complaint.   *Held,* on 'plaintiffs' appeal, that the order was essentially one for a continuance; and, no abuse of discretion appearing, the appeal was dismissed.

APPEAL from the Circuit Court for *Chippewa* County.

After a jury had been impaneled and sworn, and the jury fee paid by the plaintiffs, defendant objected to the introduction of certain evidence essential to support the action, on the ground that the complaint was insufficient to make such evidence admissible.   Thereupon, by leave of court, plaintiffs amended the complaint, and then offered the evidence in question.   The defendant's attorneys then offered to read an affidavit showing that they were surprised by the allowance

of such amendment, and were not ready for trial under the amended complaint at that term. The court permitted this affidavit to be read, against plaintiffs' objection, and there-upon made an order that the cause be continued on defendant's motion, as terms of such amendment, and that the plaintiffs have twenty days to serve an amended complaint, and that thereafter defendant have twenty days to serve his answer. From this order the plaintiffs appealed.

The cause was submitted for the appellants on the brief of *Meggett & Teall*, and for the respondent on that of *Wheeler & Marshall*.

For the appellants it was contended, that the original complaint was sufficient, and the evidence objected to should have been received under it without any amendment; that the court erred in refusing to receive such evidence without an amendment to the complaint, and then refusing to permit such amendment without a continuance of the cause; and that such a refusal was an abuse of discretion. The affidavit was wholly insufficient as an affidavit of surprise or prejudice, because it did not show that any new issue was made by the amendments, to which the evidence not then within reach was pertinent, but on the contrary showed that such evidence was material only upon issues formed by the pleadings before such amendment; and it merely disclosed surprise and prejudice growing out of the decision of the court in allowing the amendments, which in this case were no ground for refusing the amendment or postponing the trial, such amendment being merely formal and technical. *Gillett v. Robbins*, 12 Wis., 329–331; *Bonner v. Ins. Co.*, 13 id., 683–5; *Ballston Spa Bank v. Marine Bank*, 16 id., 134–5; *Monaghan v. School District*, 38 id., 102, 107. The legality of the order appealed from, depended upon the correctness of the objection to the admission of evidence under the original complaint; and in this view, *Rahn v. Gunnison*, 12 Wis., 528, is inapplicable. *Smith v. Welch*, 10 id., 91. Besides, the amend-

ment allowed is recited in the order as a portion of the proceedings on which it is founded; and a review may be had on this appeal of all the errors in the whole proceeding. *Hopkins v. Hopkins*, 39 Wis., 166. "The entire rights of a party may be involved in a motion for a continuance, and * * a denial of his legal rights in this respect should be as capable of redress as in any other proceeding in the progress of a cause." *Knox v. Arnold*, 1 Wis., 74, 75. Again, the order gave defendant leave to serve an entirely new answer, without any application therefor, without any terms imposed, and without such new answer being made necessary by any act of the plaintiffs. An order permitting a defendant, under such circumstances, to set up any new defense and make any new issue he may choose, affects a substantial right of the plaintiffs and is clearly appealable. *Matteson v. Curtis*, 14 Wis., 436; *Oatman v. Bond*, 15 id., 22–26; *Dole v. Northrop*, 19 id., 252–3; *Supervisors v. Decker*, 34 id., 380; *Harrington v. Slade*, 22 Barb., 164; *Rice v. Ehele*, 55 N. Y., 524.

For the respondent it was argued, 1. That the circuit court properly required the complaint to be amended. 2. That the only question here, however, is, whether the court was guilty of an abuse of discretion in granting a continuance, since otherwise the order is not appealable. *Knox v. Arnold*, 1 Wis., 70; *Johnston v. Reiley*, 24 id., 494; 2 Whitt. Pr., 204. 3. That there was no abuse of discretion.

Cole, J. The question as to the sufficiency of the complaint or the materiality of the amendment, is not before us. The appeal is from an order continuing the cause, which is not appealable. *Waldo v. Rice*, 18 Wis., 405; *Roby v. Hudd*, 22 id., 638; *Johnston v. Reiley*, 24 id., 494; *Supervisors of Kewaunee Co. v. Decker*, 28 id., 669; *McLeod v. Bertschy*, 30 id., 324; *Reed v. Lueps*, id., 561. It is true, in the order leave is given the plaintiffs to serve and file an amended complaint, which would obviate the defendant's objection to the

original complaint; but this does not change the character of the order. It is essentially an order continuing the cause, which, as said before, is not appealable. The amendment of the complaint had in fact been made on the application of the plaintiffs; and thereupon the defendant filed an affidavit of surprise, and asked for a continuance, which was granted. This was a matter addressed to the discretion of the circuit court, and there is no ground for saying there was any abuse of discretion in granting the continuance.

*By the Court.*—The appeal is dismissed.