McINTYRE vs. THE TOWN OF WHITE CREEK and another.

TAXATION: TOWN BOARD OF REVIEW. *(1) Official oaths of the board. (2) Power to change assessor's valuation. (3) Notice to resident tax-payer.*

APPEAL TO SUPREME COURT. *(4) What question brought up by the record.*

1. The "official oaths" of the town board of review, intended by sec. 25, ch. 130 of 1868, are merely the oaths of the several town officers composing the board, taken on their entrance upon their respective offices.

2. Since ch. 166 of 1871, the town board of review may increase or diminish the assessor's valuation without hearing witnesses in respect thereto.

3. While it is the duty of the town board of review (under the act of 1871) to *notify* a resident tax-payer before increasing the assessor's valuation of his property, its failure to do so is merely an irregularity, not available in equity to avoid the tax without proof of substantial injustice.

4. Where the judgment follows strictly the conclusions of law, and the findings of fact are all within the issues made by the pleadings, and there are no important exceptions to the rulings on the trial, and the bill of exceptions is not certified to contain all the evidence, the only question for this court is, whether the facts found support the conclusions of law.

APPEAL from the Circuit Court for *Adams* County.

Action to restrain the collection of taxes levied in the year 1875 on plaintiff's real estate in the defendant town. The property affected by the action consists of a mill and mill lot, and certain other small parcels of land. The taxes levied on the mill and mill lot are alone involved in this appeal.

The grounds of the action stated in the complaint are, that the assessor of the defendant town did not view the property liable to taxation therein, or make any assessment of such property, in that year, but merely copied the valuations contained in the assessment roll of the preceding year; and that " the board of review of the said town, fraudulently, and with the intention and design of making the plaintiff pay more than his just and equal portion of the taxes to be paid in the town of White Creek for the year 1875, arbitrarily raised the valuation of the aforesaid mill and mill lot belonging to the

plaintiff, by adding thereto the sum of $220, without examining any person or persons upon oath in relation to the said assessment, and without notifying the plaintiff of their intention to raise the amount of his assessment, as required by sec. 25 of ch. 130, Laws of 1868, as amended by ch. 166, Laws of 1871." It is also alleged that the plaintiff was a resident of said town during the whole of the years 1874 and 1875; and further, that the defendant treasurer is about to collect such tax.

The defendants answered, denying in substance all of the allegations in the complaint upon which the claim for relief is founded.

The circuit court found as facts, that plaintiff was a resident of the defendant town and owner of the real estate assessed to him in 1875; that such assessment by the assessor was regular; that the town board of review met as provided by law, and increased the valuation of the mill and the mill lot from $680, as fixed by the assessor, to $900; that plaintiff was not in said town when the board met, and had not been therein for two weeks prior thereto, and was not personally notified of the intention of the board to raise the valuation of his property, "but that one W. A. Harrison, who was in possession of said property, and who was the agent of the plaintiff, was duly notified of the intention of the board of review to raise the amount of the assessment of said mill and mill lot, and the said agent did appear before the board, and objected thereto."

The court further found "that said town board of review were not sworn as such board of review; that the only oath they had taken was their individual oath of office, if any; that said town board of review did not examine any person or persons under oath as to the valuation of said mill or mill lot, but raised the valuation because they deemed the valuation fixed by the assessor too low; and that the valuation of said mill and mill lot was not fixed by said town board of review at a greater sum than its actual value, or a larger sum than the other real estate in said town was assessed at in proportion to its value."

As conclusions of law, the court held that there was no error in the assessment of the plaintiff's property, or in levying the taxes thereon, for the year 1875, except that the proceedings of the board of review increasing the valuation of the mill and mill lot were illegal and void. Judgment was thereupon entered that "the defendants be perpetually restrained and enjoined from collecting any tax levied in the year 1875 against the plaintiff on the mill and mill lot described in the complaint, on the sum of $220 added to the valuation thereof by said town board of review."

Defendants appealed from the judgment.

For the appellants, a brief was filed by *S. W. Pierce* and *P. G. Stroud*, and there was oral argument by *Mr. Stroud*. They contended that the complaint and evidence failed alike to show any cause of action, because they failed to show that plaintiff's taxes were unjust or inequitable *(Stokes v. Knarr*, 11 Wis., 389; *Mills v. Gleason*, id., 470, 479; *Ableman v. Roth*, 12 id., 87; *Dean v. Gleason*, 16 id., 1, 19; *Warden v. Supervisors*, 14 id., 618, 620; *Kellogg v. Oshkosh*, id., 623, 630; *Knapp v. Heller*, 32 id., 467, 469–470; *Challiss v. Comm'rs*, 15 Kan., 49); that he was at least not entitled to the relief asked without allegation and proof of payment or tender of the amount legally due *(Hersey v. Supervisors*, 16 Wis., 185; *Bond v. Kenosha*, 17 id., 284, 288; *Drew v. Davis*, 10 Vt., 506); that the statute requiring the board of review to act "under their official oaths" (sec. 25, ch. 130 of 1868, amended by sec. 1, ch. 166 of 1871; Tay. Stats., 407, § 54), refers to the oaths taken by the several members upon their induction into their several town offices, by virtue of which they compose said board; that, if otherwise, they were at least the *de facto* board, and the question of qualification could not be inquired into in a *collateral* action *(Foot v. Stiles*, 57 N. Y., 399; *Dean v. Gleason, supra; Petition of Bridget Boyle*, 9 Wis., 264; *Alexander v. Burnham*, 18 id., 199; *Sauerhering v. R. R. Co.*, 25 id., 447); that, in plaintiff's ab-

sence, a service of notice upon his agent was sufficient; and that sec. 1, ch. 166 of 1871, was intended to authorize the board to raise or lower the assessor's valuation of property when they should deem it incorrect, without other proof.

The cause was submitted for the respondent on the brief of *O. B. Lapham*. He argued, 1. That all proceedings of taxing officers are void unless in strict compliance with law. To this point he cited *Thatcher v. Powell*, 6 Wheat., 119; *Early v. Doe*, 16 How. (U. S.), 610; Blackw. T. T., 34; and numerous other authorities. 2. That the notice required by sec. 1, ch. 152 of 1873, to be publicly posted four days before the meeting of the board of review, was essential to its jurisdiction to equalize the assessment. Such is the rule as to notice even in common-law tribunals of general jurisdiction *(Chase v. Hathaway*, 14 Mass., 222; *Kinderhook v. Claw*, 15 Johns., 537, and many other authorities), and in case of a ministerial body, possessing only statutory powers, whose action may result in a taking of property of the citizen, the notice, as given, must appear of record. Blackw. T. T., 214, and cases there cited. 3. That the oath required of the board by sec. 25, ch. 130 of 1868, is a condition precedent of its power to review the assessment. *Ainsworth v. Dean*, 1 Fost., 400; *Birch v. Fisher*, 13 S. & R., 208. 4. That the board had no power to alter the assessment without examining witnesses under oath, as required by sec. 25, ch. 130 of 1868. *Phillips v. Stevens Point*, 25 Wis., 594; *Steele v. Dunham*, 26 id., 393; *Mil. Iron Co. v. Schubel*, 29 id., 444; *Wilson v. Heller*, 32 id., 457. Ch. 166 of 1871 does not dispense with such examination of witnesses, but merely gives the board power to disregard their evidence when it deems the assessment incorrect. And, in so doing, it further prohibits raising the assessment of a resident owner's property without giving him notice of the intention to do so, in season to enable him to be heard; and such notice should be in writing, and made part of the record of the board. *Butler v. Mitchell*, 17 Wis., 52;

*Stale ex rel. v. Supervisors,* 34 id., 169; *Somers v. Schmidt,* 24 id., 417.  5.  That, as the complaint alleges that the board's omissions were willful and fraudulent, and the acts omitted were jurisdictional, a further averment that plaintiff's taxes were unjust and inequitable, was needless.

LYON, J.  The bill of exceptions is not certified to contain all of the evidence, and no exceptions of any importance to the rulings of the learned circuit judge on the trial are preserved in the record.  Neither is it denied that the findings of fact are all within the issues made by the pleadings, nor that the judgment is in strict accordance with the conclusions of law. In such a case, under repeated decisions of this court, the only question to be determined on appeal is, Do the facts found support the conclusions of law?

In this case, the only facts found which it is claimed support the conclusion of law that the increase of valuation by the board of review was illegal and void, are, 1. That the members of such board did not take official oaths as such, in addition to their general oaths of office.  2. That the board of review increased the assessor's valuation without examining witnesses thereto; and 3. That the plaintiff was not personally notified of the intention of the board to increase the valuation of his property.

Unless these facts, or some one of them, render void the action of the board of review, such action is legal and valid, and the levy of taxes on the increased valuation of plaintiff's property should not be disturbed.

1. It is provided in sec. 25, ch. 130, Laws of 1868, that the town board of review shall, *under their official oaths,* carefully review the assessment roll, etc.  This is the statute which it is claimed requires the members of the board to take special official oaths *as such.*  But the statute does not so read, and we think the language employed fails to show that it so intends.  Had the legislature intended to require such special

oaths, it is fair to presume that a special provision to that ef-
fect would have been inserted in the statute. Each member
of the town board of review is a town officer (Laws of 1868,
ch. 130, sec. 24; Laws of 1873, ch. 152), and is required by
law to take and file an official oath (R. S., ch. 15, sec. 45);
and his duties as a member of such board pertain to his office
— constitute a part of the duties of his office, — and are neces-
sarily included in the obligations of his general official oath.
We hold, therefore, that the " official oaths " of the statute
are the general oaths of office which it must be presumed the
members of the board took as town officers, and that the ac-
tion of the board of review in the present case is not void
merely because the members thereof failed to take another
official oath.

2. Are the proceedings of the board of review void because
no witnesses were examined before it on oath as to the valua-
tion of plaintiff's property? In *Phillips v. Stevens Point*,
25 Wis., 594, decided during the January term, 1870, it was
held that the board of review had no power under the above
statute (sec. 25, *supra*; Tay. Stats., 407, § 54), of its own mo-
tion, and without testimony under oath, to increase the asses-
sor's valuation of property listed for taxation. The next legis-
lature which convened after that decision was announced,
enacted the following proviso to sec. 25: " *Provided, further*,
that the said board of review shall and may, when they deem
the valuation of any property assessed too high or too low on
the assessment roll, raise or lower the same, as the case may
be, whether the person assessed appear before them or not,
and they may also place on the said roll any property that
they may know to be left off from said roll by mistake or
otherwise, and assess the same to the person to whom of right
it should be assessed." Laws of 1871, ch. 166.

In *Wilson v. Heller*, 32 Wis., 457, it is intimated that the
act of 1871 may have so changed the rule as to authorize the
board, when they deem the valuation too low, to raise the same

without any sworn testimony, and even against evidence given before them on the subject.

Under the law of 1868, as interpreted in *Phillips v. Stevens Point*, the board could not change the assessor's valuation unless the change was supported by testimony; yet the board was powerless to compel the attendance of witnesses before it. Hence, although the board might know that there were gross inequalities in the assessment, such inequalities could not be corrected unless witnesses appeared voluntarily before it and testified thereto. Thus the object of the statute in creating a tribunal of review was very liable to be defeated. It is not difficult to believe that the amendment of 1871 was enacted for the purpose of correcting such imperfections in the law of 1868, to the end that the tribunal should be a "board of review" in fact as well as in name.

After careful consideration of both statutes, and in view of the circumstances under which the amendatory law of 1871 was enacted, we have reached the conclusion that the intimation in *Wilson v. Heller*, *supra*, foreshadows the true construction and effect of the latter act, and it should be held that, under the law as it now is, the board of review may, in the exercise of a sound judgment, increase or diminish the assessor's valuation without first hearing the testimony of witnesses in respect thereto.

3. The remaining fact which it is claimed invalidates the proceedings of the board of review, requires but a brief consideration. The law of 1871 contains this further proviso: "*and provided further*, that in all cases, if said board shall raise the amount of such assessment on any property, the owner thereof, if a resident of such town, shall be duly notified of such intention in time, that such owner may be heard before such board in relation to the value thereof." If the plaintiff was not so notified (and whether he was or not it is unnecessary to determine), the omission was in no correct sense jurisdictional. It did not go to the groundwork of the tax,

but was a mere irregularity, unavailable in a court of equity to avoid the tax, unless it worked a substantial injustice to the plaintiff. *Marsh v. The Supervisors of Clark Co.*, 42 Wis., 502. But it resulted in no such injustice, for it is a verity in the case that the valuation of the plaintiff's property fixed by the board was not in excess of its actual value, or of its proportionate value compared with the valuations of the other real estate in the town.

It follows from the foregoing views, that the proceedings of the board of review in raising the valuation of plaintiff's property are valid, and that the circuit court erred in holding the contrary.

*By the Court.* — The judgment is reversed, and the cause remanded with directions to the circuit court to dismiss the complaint.