Sowards, Respondent, vs. Stephens, Appellant.

*September 4 — September 22, 1885.*

*Appealable order.*

An order, made upon a motion to dismiss an appeal from a justice's court, directing that the cause stand upon the calendar until the next term; that the plaintiff have leave in the meantime to tax the costs according to a stipulation of the parties; and that if the defendant pay such costs and otherwise comply with the stipulation the action be dismissed, but that if he fail to do so the plaintiff have leave at the next term to renew his motion to dismiss the appeal,— is not appealable.

APPEAL from the Circuit Court for *Columbia* County.

The action was commenced in justice's court and a judgment by default was rendered against the defendant, July 17, 1883, from which he appealed to the circuit court. On November 26, 1883, the parties stipulated that the action should be discontinued upon payment by the defendant of the sum of ten dollars damages and the costs of the action. At the December term, 1884, of the circuit court, the order was made from which this appeal is taken. Other facts are stated in the opinion. The respondent moves to dismiss the appeal.

*J. J. Sutton,* for the respondent.

*G. W. Stephens,* appellant, *in pro. per.*

Cole, C. J. The appeal in this case was noticed for trial in the circuit court by the plaintiff. Not being tried at the

third term after the appeal was taken, a motion was made on behalf of the plaintiff, based on the affidavit of her attorney and a stipulation on file, to dismiss the appeal, with costs. In opposition to this motion the defendant read his affidavit, and the affidavits of the plaintiff and her husband, to show that the action had been settled. No motion was made, however, to dismiss the action. The circuit court, after hearing the defendant's counsel, ordered that the case stand upon the calendar until the next term; that in the mean time the plaintiff's attorney have leave to tax the costs according to the stipulation on file; and that upon the payment of the costs so taxed, and the amount stipulated to be paid to the plaintiff's attorney, within thirty days after the costs were taxed and notice given to the defendant, the action be dismissed; otherwise the plaintiff's attorney, at the next term of the court, have leave to move for the dismissal of the appeal.

This is the substance of the order brought here for review. The question is, Is such an order appealable? It appears to us it is not. The order does not settle definitely any right, nor does it either determine the action or dispose of the appeal. It merely provides that the cause stand upon the calendar until the next term; that the plaintiff have leave, in the meantime, to tax the costs; then, if the defendant pay such costs and comply with the stipulation, the action shall be dismissed. But if the defendant neglected or refused on his part to comply with the order, the plaintiff's attorney has leave to move at the next term for the dismissal of the appeal. But the cause is kept upon the calendar for the further action of the court. The order is essentially one continuing the cause, and giving the plaintiff, in a certain contingency, leave to renew his motion to dismiss the appeal. An order which does not make a final disposition of the cause, but merely operates to continue it for the term, has often been held not appealable. *Roby v.*

*Hudd*, 22 Wis. 639; *In re Will of Kneeland*, 40 Wis. 344; *Bassett v. Jenkins*, 41 Wis. 197, and cases cited in the opinions. Such, it seems to us, is really the character of this order.

The appeal must be dismissed, with costs.

*By the Court.*— Appeal dismissed.