JOHNSTON, Executor, etc., vs. REILEY.

*Order not appealable.*

An order staying proceedings in an action until an accounting has been had between the same parties in another pending action, does not "involve the merits," and is not appealable.

APPEAL from the Circuit Court for *Milwaukee* County.

Action by plaintiff, as executor of the last will of Alexander Johnston, upon three promissory notes made by defendant; two of them (for $1,500 and $1,000, respectively) running to said Johnston, and the third (for $62) running to one Chapin. As to the third note, the answer denied that it was ever transferred by Chapin to said Johnston; and, as to the other two, it alleged that they were executed, together with certain chattel mortgages, merely to secure an open account of defendant with a partnership of which said Johnston was a member. The answer further averred that then, and at the commencement of this action, another suit was pending, brought by *Reiley* against the present plaintiff, to compel an accounting as to the amount due upon said account; and it prayed for a stay of proceedings in this action until the other was determined.

The complaint in said pending action (attached as an exhibit to said answer) did not contain any reference to the notes here sued upon; but alleged the execution by *Reiley* to Alexander Johnston of a judgment note for $5,000, in February, 1862, to secure the amount then due, or which might become due, on an open account between *Reiley* and the partnership of which Johnston was a member; the subsequent entry of judgment thereon for over $3,000; and the fact that no more than $1,000, if any sum, was due from *Reiley* on said account; and

it asked for an accounting, etc. See *Reiley v. Johnston*, 22 Wis. 279–288.

The court granted a stay of proceedings, as demanded in the answer ; and plaintiff appealed.

*Butler & Winkler*, for appellant, contended that the issues in this case are entirely different from those presented in the suit of *Reiley*, and there is no reason why their determination should be delayed until after an accounting had in that suit.  2. The order is, in fact, an injunction.  Under the old practice, such injunctions were granted in a suit in equity ; under the code, a stay of proceedings is entered in the suit at law.  In either case, the order is founded on *the merits* — on a preliminary adjudication upon the rights of the parties.  The order is appealable within the principle of the decisions of this court. *Rahn v. Gunnison*, 12 Wis. 528 ; *Matteson v. Curtis*, 14 id. 436 ; *Western Bank v. Tallman*, 15 id. 92 ; *Oatman v. Bond*, id. 20 ; *Tubbs v. Doll*, id. 640 ; *Dole v. Northrup*, 19 id. 249 ; *Waldo v. Rice*, 18 id. 404. 2.  When an action is at issue, and properly noticed for trial, and put on the calendar by a party, it is a clear legal right of that party to bring it to trial ; and an order arbitrarily interfering with such right is subject to an appeal. *St. John v. West*, 4 How. Pr. 329 ; *La Farge v. La Farge Ins. Co.*, 14 id. 26 ; *Burhans v. Tibbits*, 7 id. 78 ; *Cram v. Bradford*, 4 Abb. 193 ; *Green v. Wood*, 6 id. 277 ; *Tracy v. N. Y. Steam Faucet Co.*, 1 E. D. Smith, 357.

*Palmer, Hooker & Pitkin*, for respondent, in support of the order, cited *Wilson v. Jarvis*, 19 Wis. 597 ; *Prentiss v. Danaher*, 20 id. 311.

COLE, J.  We are inclined to hold the order staying proceedings until the accounting could be had in the other action, not appealable.  It related only to the time of the trial of the action, and was much like an order granting a continuance of the cause.  It is very manifest that there are many orders staying proceedings

496 SUPREME COURT OF WISCONSIN,

which are matters of discretion on the part of the court, and from which no appeal lies. We think this is one of them. It appears to us that the only clause of the appeal statute under which it could with any reason be claimed that this order is appealable, is the 4th subdivision of section 10, chapter 264, Laws of 1860. Under that clause, an order is appealable when it involves the "merits of an action, or some part thereof." How can this order staying proceedings be said to involve the "merits of the action?" The court really refuses to look into the law or facts of the case at the present time, and makes no disposition of the issues therein, but merely stays proceedings until an accounting can be had in another action. It is a matter of practice as to whether the cause should at once be tried, or postponed for a time, and seems to us quite analogous to an order granting a continuance. Such questions of practice every court should have the right to regulate and control for itself, in that manner which will most effectually secure the rights of parties and promote the cause of justice.

*By the Court.* — The appeal is dismissed.