Parmalee vs. Wheeler, imp.

## PARMALEE vs. WHEELER, imp.

STAY OF PROCEEDINGS. (1) *In action on judgment. Order not appealable.* (3) *Order may be vacated or modified.— Appeal.* (4) *When security to be given by defendant.*

ASSIGNMENT OF JUDGMENT. (2) *During pendency of action to set it aside.*

1. In an action upon a judgment it is in the discretion of the court to grant a stay of proceedings until the determination of a suit brought by the judgment defendants, in the court where such judgment was rendered, to have the same set aside; and such an order is not appealable. So *held* where the judgment sued upon and the action to set it aside were in the court of another state.

2. One who takes an assignment of a judgment during the pendency of an action to set it aside, will be bound by the determination of the court in such pending action, though not a party thereto; and when he has sued upon the judgment in another court, he has no greater rights than his assignors would have had in a similar suit.

3. The court may in all cases vacate or modify its order staying proceedings, whenever, in the exercise of a sound discretion, it shall deem proper.

4. In a proper case the court may require security to be given by the defendant before staying proceedings on his motion; but the necessity for it not having been shown in this case, there was no abuse of discretion in not requiring it.

APPEAL from the County Court of *Milwaukee* County.

The case is stated in the opinion. There was a motion by the respondent to dismiss the appeal, which was heard at the same time as the argument upon the merits.

*Finches, Lynde & Miller*, for appellant, argued that a decree in favor of the defendants in their equity suit in the district court of Colorado would not avail them as against *Parmalee*, the plaintiff in this action, because he was not a party to that suit. *King v. The Chancellor*, 1 Strange, 557; *Queen v. Saddler Co.*, 10 House of Lords Cases, 404; *Queen v. Smith*, 48 E. C. L., 613; *Bonaker v. Evans*, 71 id., 170; *Ex parte Ramshay*, 83 id., 172; *Ex parte Kinning*, 56 id., 521; *In re Mockton*, 1 Moore's P. C. Cases, 455; *Bowerbank v. Bishop of Jamaica*, 2 id., 470; *Smith v. Justice etc.*, 3 id., 361; *Gahon v. Dositte*, 4 id., 382; *Willis v. Gipps*, 5 id., 379; *Capel v. Child*, 2 Cr. & Jerv., 559; *Rex v. Gaskin*, 8 Term, 209; *Gorham v. Luckett*, 6 B. Mon., 146; *Murray v. Oliver*, 3 id., 1; *Greene v. Briggs*, 1 Curtis C. C., 325; *Sheldon v. Newton*, 3 Ohio St., 498; *McClure v. Tennessee*, 1 Yerg., 223; *People v. Turner*, 1 Cal., 150; *Fletcher v. Daingerfield*, 20 id., 427. 2. The effect of the order appealed from is to stay the collection of the debt due to *Parmalee* until *Wheeler* and Harris can litigate in the equity court of Colorado the question whether Lyon, Pullman & Moore are indebted to them, and in what amount, for the rents and profits of the land; and if they are found indebted, it is claimed that then the judgment shall not be binding for more than the balance so found due Lyon, Pullman & Moore from these defendants. It is exceedingly doubtful whether such an order could have

been obtained in the equity suit, even as against Lyon, Pullman & Moore. See *Rawson v. Samuel*, 18 Eng. Ch. R., 330, where the right of "set-off" in a court of equity is elaborately discussed; and as to "set-off" to a *judgment*, see 31 Md., 12. 3. If the order of the county court is not reversed *in toto*, it should at least be modified so as to compel the defendants to give security that the judgment finally recovered therein shall be paid, and that *Wheeler* shall diligently prosecute his equity suit.

*Carys & Cottrill*, for respondent, argued, 1. That the order did not fall within any of the different classes of appealable orders defined by sec. 10, ch. 264, Laws of 1860 (Tay. Stats., 1635, § 11). 2. That the application for a stay was addressed wholly to the discretion of the court. *Vincent v. Wellington*, 18 Wis., 159; *Johnston v. Reiley*, 24 id., 494; *Prentiss v. Danaher*, 20 id., 318; *Wilson v. Jarvis*, 19 id., 597; 12 id., 528; *McLeod v. Bertschy*, 30 id., 324. 3. That the order might be vacated or modified by the court below on application of the plaintiff showing that the Colorado suit was not being prosecuted with due diligence, or showing any other good reason for removing the stay. *Bacon v. Bicknell*, 17 Wis., 523. .4. That the appeal papers show that *Wheeler* has done everything in his power to prosecute the Colorado suit diligently; and it must be presumed that the court there will proceed with all diligence to dispose of it.

*Finches, Lynde & Miller*, contra, as to the appealability of the order, cited 12 Wis., 528; 13 id., 85; 14 id., 436; 15 id., 20, 92, 640; 18 id., 404; 19 id., 249; 4 How. Pr. R., 329; 7 id., 78; 14 id., 26; 4 Abb. Pr. R., 193; 6 id., 277; 1 E. D. Smith, 357; 2 Cliff., 311.

DIXON, C. J. The plaintiff has appealed from an order of the court below, made on motion of the defendant *Wheeler*, staying all proceedings in this action until the action mentioned in the motion papers, and which is pending in the district court

of the second judicial district of the territory of Colorado, shall have been determined, and until twenty days after a final judg, ment or decree shall have been made or entered in said last mentioned action. One of the objects of the action instituted and pending in the court of the territory of Colorado is, to vacate and set aside, or adjudge and decree satisfaction of, the judgment of that court upon which this suit was commenced. The grounds upon which such relief is sought in that action are, as appears from the motion papers in this case and from a copy of the bill of complaint made a part thereof, that the judgment was wrongfully, unjustly and illegally obtained, without service of process upon the defendants and without appearance on their part, and upon a demand which was actually paid and satisfied at the time. The judgment so alleged to have been obtained, and against which such relief is sought, and upon which this action is instituted, was in favor of Lyon, Pullman and Moore, plaintiffs, and against *Wheeler* and *Harris*, the defendants in this action, defendants. The plaintiff sues in the county court of Milwaukee county upon that judgment, as assignee of Lyon, Pullman and Moore, in whose favor the same was rendered. The plaintiff purchased the judgment of Lyon, Pullman and Moore and one Towne, and received his assignment from them *pendente lite*, that is, after the institution and during the pendency of the action in the territory of Colorado to vacate and set the same judgment aside, or to declare and adjudge it to have been fully paid and satisfied. That action was instituted by the present defendants, *Wheeler* and *Harris*, against Lyon, Pullman and Moore, the plaintiffs in the judgment, and against said Towne, who was alleged in the bill to have acquired some interest by purchase in the judgment and in the real estate, situate in Colorado, also in controversy in the action.

The plaintiff in this action is not a party to that one, but the motion papers tend very clearly to show that at the time of purchase he had actual knowledge of the pendency of it, and

Parmalee vs. Wheeler, imp.

of the facts asserted and relied on by the defendants to vacate and avoid the judgment. The motion papers also tend to show that the defendants in this action, the plaintiffs in that, have been and are prosecuting the same with all reasonable diligence and dispatch to a final hearing and judgment.

In view of the foregoing facts, the question arises whether the order is appealable. Council for the plaintiff, expressly conceding that the case of *Johnston v. Reiley*, 24 Wis., 494, was correctly decided, as we have no doubt it was, still claim to distinguish this case from it. They say that the former action there pending, and for and until the determination of which the proceedings in the subsequent action were stayed, was an action between the *same parties*. They say also that here the parties to the two actions are not the same.

The fact is so, but how does it vary or affect the application of the principle or rule of practice? We think clearly not at all. The plaintiff, as purchaser of the judgment *pendente lite*, stands to all intents and purposes in the shoes of his assignors, who are parties to the first action. Any determination of that action or decree in it, vacating or annulling the judgment sued upon or adjudging satisfaction of it, will as effectually bind and preclude the plaintiff as if he were a party to the action. It will bind him the same as his assignors, who are such parties. It would be something very strange and anomalous if he could step in and buy, and take the judgment out of the litigation, and acquire the right to sue upon and prosecute it the same as if no such action was pending or had been commenced. He cannot do so, but is bound and must abide by the results of the litigation in all respects as if he were a party to the action. He may be let in and become such party in fact, perhaps, on his own application, but the plaintiffs in the action are not required to amend their bill or to bring him in.

This case, though differing, therefore, slightly in its facts from *Johnston v. Reiley*, is not distinguishable in principle, or the practice which should be adopted.

The practice of asking for and obtaining a stay of proceedings in a case like this is not only recognized by the case above referred to, but also by *Wilson v. Jarvis*, 19 Wis., 597, and *Prentiss v. Danaher*, 20 Wis., 318.   The order staying proceedings is, of course, in all cases subject to modification or vacation by the court making it, whenever in the exercise of a sound discretion the same shall be deemed necessary or proper.

It is suggested that the order here should not have been granted without requiring security to be given by the defendant.   In a proper case no doubt security may be required; but the necessity for it is not shown in this case, and it was no abuse of discretion not to require it.

*By the   Court.*— Appeal dismissed.