In re THE WILL OF KNEELAND.

*Appealable order.*

An order that a cause be stricken from the calendar of the trial court for the current term for want of due notice of trial thereof, is *not appealable.* *Oatman v. Bond,* 15 Wis., 21; *McLeod v. Bertschy,* 30 id., 324; and *Noble v. Strachan,* 32 id., 314, distinguished.

APPEAL from the Circuit Court for *Milwaukee* County.

*Laura Kneeland* appealed to the circuit court from an order of the county court of Milwaukee county, admitting the will of Moses Burr Kneeland to probate. Notice of trial of the appeal in the circuit court, signed by the appellant in person, and by Rogers & Hover as her attorneys, was served on the attorneys of the proponents of the will, and of the executor, and a note of issue was filed with the clerk. Counsel for the executor and proponents moved to strike the cause from the calendar, because improperly noticed for trial. The motion was based upon affidavits alleging that E. H. Bottum was sole attorney of record for appellant; that Rogers & Hover had requested Bottum to substitute them as attorneys, which he had declined to do unless his disbursements were repaid and his fees secured; that the attorneys of the heirs were notified of such refusal, and that Bottum had not noticed the cause for trial, or authorized any one to do so. The court sustained the motion, and ordered that " the appeal be stricken from the calendar of the term, for want of a notice of trial thereof signed by said Bottum as attorney " for the appellant. From this order *Laura Kneeland* appealed.

*Joshua Stark,* for appellant:

The order affects a most important and substantial right of the appellant. It involves her right to a trial of her appeal in the circuit court, and her right to appear in that court by attorneys other than those employed by her in the court

below. Or, at least, it burdens such right with onerous and unlawful conditions, amounting substantially to a total denial of justice. It involves appellant's right to control her own appeal. It is appealable within the doctrine of *Noble v. Strachan,* 32 Wis., 314; *McLeod v. Bertschy,* 30 id., 324; *Same v. Same,* 33 id., 179; *Oatman v. Bond,* 15 id., 20; Cons. of Wis., art. VII, sec. 20; Tay. Stats., p. 113. It is urged that the effect of the order was merely to continue the case for the term. But, suppose the case again noticed for trial by appellant, must not the court again strike it from the calendar for the same reasons?

A brief signed by *A. R. R. Butler* and *E. Mariner* was filed for the respondent, and also a brief on behalf of E. H. Bottum, Esq., signed by *Cottrill & Cary,* and the cause was argued orally on that side by *Mr. Cottrill.* It was argued, that the order did not affect a substantial right, nor in effect determine the action and prevent a judgment, and was not appealable. It merely determines that appellant cannot force upon respondents in this way the duty of deciding, at their own risk, disputes which have arisen between herself and counsel, and that such disputes should be settled between the parties interested, before the cause shall proceed. The order does not settle the right of appellant to have her appeal tried, but merely struck it from the calendar for the term. *Johnston v. Reiley,* 24 Wis., 494; *Roby v. Hudd,* 22 id., 639; *Parmalee v. Wheeler,* 32 id., 429; *Noble v. Strachan,* id., 314; *McLeod v. Bertschy,* 30 id., 324; *Crerar v. M. & St. P. R'y Co.,* 35 id., 67.

COLE, J. The objection is taken *in limine,* that the order in this case is not appealable. The language of the order is, that the cause " be stricken from the calendar of the present term of this court for want of a notice of trial thereof signed by said Bottum as attorney for said appellant." This order, it is objected, merely operated to continue the cause for the

term, and, under the decision of *Roby v. Hudd*, 22 Wis., 638; *Johnston, Ex'r, v. Reiley*, 24 id., 494; *McLeod v. Bertschy*, 30 id., 324; *Noble v. Strachan*, 32 id., 314; *Parmalee v. Wheeler*, id., 429, is not appealable. This position, we think, is correct, and must be sustained. It is argued, however, that the order is clearly appealable within the doctrine of *Oatman v. Bond*, 15 Wis., 21, *McLeod v. Bertschy*, and *Noble v. Strachan*. It seems to us there is a plain distinction between the orders in the different cases. In *Oatman v. Bond*, the order was held to be one involving the merits, because it attempted to deprive a party in an equity cause of the right to have his witnesses examined in open court. In *McLeod v. Bertschy*, the order refusing to strike the cause from the calendar was held, upon the facts of the case, to involve really the question whether there was any action in court or not, and so necessarily to involve the merits. In *Noble v. Strachan*, Mr. Justice Lyon, following the decision in *Parmalee v. Wheeler*, was of the opinion that the order staying proceedings in the action was one resting in the sound discretion of the court, and was not appealable; and that the other order, denying the application of the plaintiffs for leave to discontinue the suit as to the defendant Strachan, was a nullity, and therefore could not prejudice the plaintiffs. The appeal in that case was double, and was dismissed for that reason. But we fail to perceive anything in the doctrine of these cases which sustains the appealability of the order in question, which merely strikes the cause from the calendar for the term because irregularly noticed for trial. We fully agree with the counsel of the respondent, that the order does not deprive the appellant of the right to have her appeal whether the will should be admitted to probate or not, tried; nor does it settle the controversy between her and her attorney of record as to who shall control the litigation, to which allusion was made on the argument. None of these questions are attempted to be determined by the order. But, says the learned counsel for

the appellant, suppose the case is again noticed for trial as before, and the court, for the same reasons as led to the making of this order, strikes the cause from the calendar, and so continues to do indefinitely: how will the appeal ever be heard, unless such orders are held appealable? It is quite safe to assume that the supposed case will never occur; but if it should, the appellant would probably not be without a remedy. It is quite likely that a *mandamus* would lie to compel the circuit court to proceed and determine the appeal, if it should arbitrarily or unreasonably refuse to perform that duty. The question is not here for a decision, and it would be premature to anticipate it. But the cases where a *mandamus* will lie to a circuit judge, are collected in the note on page 632, 5 Wis., and might readily be increased by decisions in other states. We however take leave of the point upon the suggestion made.

*By the Court.* — The appeal in this case is dismissed.