McWilliams vs. Bannister, imp.

McWILLIAMS vs. BANNISTER, imp.

40 489
76 631

FORECLOSURE: PLEADING: AMENDMENT: PRESUMPTION: NEW TRIAL.
*(1) Liberal construction of answer. (2) Amendment of answer after judgment. (3) Presumption as to payment of mortgage. (4) When new trial granted on reversal.*

1. The complaint in foreclosure of a mortgage alleges that one named as defendant was owner of the equity of redemption, and such defendant answered a *general denial,* but in other portions of her answer treated as an undisputed fact the conveyance of the premises to her as alleged in the complaint, and such conveyance was proved by plaintiff at the trial. *Held,* that the answer would not be construed, against defendant, contrary to her evident intention, as denying that she owned the equity of redemption. R. S., ch. 125, sec. 21.

[2. If such a construction were adopted, an amendment of the answer after judgment would be proper, to make it correspond with the averment of the complaint, and the proofs.]

3. The note and mortgage in suit were made in 1852, payable in two years, and the note and original mortgage were not produced on the trial; but the mortgage is not satisfied of record, and upon all the facts in evidence. (for which see the opinion), the court cannot hold that there is any presumption of payment; and the execution of the instruments being proved, the legal presumption is that the mortgage debt has not been paid.

4. There being much doubt whether the mortgage debt has not been paid, and it appearing probable that on a second trial further evidence upon that subject may be obtained, this court, in reversing a judgment for the defendant, remands the cause for a new trial in case the defendant satisfies the court, by affidavit or other proper proof, that she will probably be able, on such trial, to produce additional testimony such as may change the result.

APPEAL from the Circuit Court for *Fond du Lac* County.

The action was brought in 1873 to foreclose a mortgage executed by Spafford to Sewell in 1852, to secure the payment of a note of even date with the mortgage, due in two years. The complaint avers that the mortgaged premises have been conveyed to the defendant *Josephine L. Bannister* by mesne conveyances from the mortgagor, and that she is the owner

thereof subject to the mortgage. *Mrs. Bannister* answered denying that the plaintiff held the note and mortgage in suit, and alleging that the same were paid, and closed the answer with a general denial. Neither of the other defendants inter-posed an answer.

The mortgage and note in suit were, by mesne assignments, transferred to the plaintiff before they were due, and before the mortgaged premises were conveyed by the mortgagor to J. M. Gillett, subject to the mortgage, which Gillett agreed to pay. The securities were probably delivered by the plaintiff to one Butler, a banker, for collection, in 1853 or 1854, together with two other notes and mortgages transferred to the plaintiff by his immediate assignor of the mortgage in suit, and at the same time. The notes secured by the two mortgages just mentioned were collected by Butler in 1854 and 1855, and the proceeds paid over to the plaintiff, who thereupon immediately discharged the mortgages of record. The plaintiff's bank book contained entries made at the time showing such payments, but it shows no payment of any sum on the mortgage in suit, and no discharge thereof appears. The foregoing facts are established by the evidence taken before a referee.

The plaintiff introduced in evidence the record of the mortgage described in the complaint, but did not produce the original mortgage or the note. The plaintiff testified that it was his practice to discharge mortgages of record when paid, and that he thought there was no doubt, if this mortgage had been paid to him, he would have so discharged it, or given a receipt of payment; and further, that he had forgotten that he had ever owned the mortgage until his attention was called to it in 1871 by Mr. Bannister, who showed him an abstract of the mortgaged premises. It appears that Butler failed and left the state ten or fifteen years before the cause was tried, and the plaintiff does not know where he is. A search amongst the papers of the plaintiff and those which came to

the hands of the receiver or assignee of Butler's bank, failed to disclose the note or mortgage. The plaintiff further testified that he had no knowledge or recollection that the mortgage debt had been paid, but declined to swear positively that it had not.

In 1853, Mr. Gillett conveyed the mortgaged premises to his father, with covenants against incumbrances. He testified as follows: "I have no recollection that at that time there was a mortgage unpaid, and do not believe that I would have conveyed them to my father with such a mortgage unpaid." On his cross-examination, Mr. Gillett further testified on the same subject, as follows: "This is the only instance I know, where I have given a warranty deed with a mortgage not paid. I doubtless knew at the time that this mortgage was not due. I have no doubt I knew of this mortgage. I knew it was not due when I bought the property. I presume I knew of this mortgage when I sold to Gillett." The witness declined to swear positively that he had paid the mortgage debt. There is no evidence that the plaintiff or Butler knew that Mr. Gillett had become liable to pay the mortgage.

The action was referred, and the referee reported in favor of the plaintiff. On motion and due notice thereof, but in the absence of the attorney for *Mrs. Bannister*, the court made an order confirming such report, and for judgment for the plaintiff pursuant thereto. Subsequently, at the same term, the court granted the motion of *Mrs. Bannister* to vacate such order and set aside the report, and also at the same time ordered judgment for the defendants. Judgment having been entered accordingly, the plaintiff appealed therefrom.

The cause was submitted by both sides on briefs.

*Edward S. Bragg*, for appellant:

1. The affidavit upon which the referee's report was set aside, disclosed no sufficient ground therefor. It is an abuse of power to set aside findings made by a referee after listening patiently to the evidence, upon affidavits of surprise and

sickness which kept counsel from the hearing, when there is no pretense of irregularities or injustice. 2. The respondent, having denied interest in the premises, could not question the report, or the order confirming it. The most that she could ask, after filing such an answer, would be an order for costs, if she were unreasonably compelled to defend. 3. The bill of exceptions does not show any exceptions to the report; and, without exceptions, the court will not inquire into the correctness of the finding, when there is any evidence to sustain it. *Gilbank v. Stephenson*, 30 Wis., 155. 4. The court erred in reversing the finding of the referee upon the evidence, and also in dismissing the complaint under the order to show cause. That order only contemplated the setting aside of the report; and had the report been set aside upon any of the technical grounds now claimed, the court should have re-referred the cause.

*Gillet & Taylor*, for respondent :

1. No proof was given that any such note as is sued upon, was ever delivered to any of the parties; or that the note had been lost; or that any search had been made for it. Hence, no secondary evidence in respect to it could be received, and not even a *prima facie* case was made out for the plaintiff. 2. Even if the court should find that plaintiff had the note and mortgage, the fair presumption is, that it was paid. Twenty years' lapse of time creates this *legal* presumption; but facts and circumstances may afford a presumption of payment in a much shorter time. 2 Saund., 175 b.; *Jackson v. Sackett*, 7 Wend., 101; *Abdy v. Loveday*, Finch, 250; *Jackson ex dem. Martin v. Pratt*, 10 Johns., 381. The lapse of time, and the circumstances in this case, clearly bring it within the rule of the above cases. 3. The affidavit of J. M. Gillett showed that the motion to confirm the referee's report had been made in the absence of the defendant's counsel, and alleged that the report was not supported by the evidence, and the court so found. 4. In view of the allegations in the

complaint, it cannot be claimed that the respondent, by the allegations of the answer, forfeited her right of defense. If the plaintiff had offered to discontinue as to her, or if she had waived any claim to the property, there might be some foundation for such a proposition. 5. No personal claim having been made against any defendant, and the court having found in favor of the defendants upon the merits, the complaint was properly dismissed.

Lyon, J. I. The position of the learned counsel for the plaintiff, that, by interposing a general denial to the complaint, the defendant *Mrs. Bannister* has denied the averment therein that she is the owner of the equity of redemption in the mortgaged premises, and hence is not in a situation to maintain that the mortgage debt has been paid, we think is untenable. It is evident that such was not her intention; for, in another portion of her answer, the conveyance of the premises to her as stated in the complaint is referred to as an undisputed fact in the case. It seems to us that it would be giving too extensive an effect to the general denial, to hold that it puts in issue averments in the pleading of the opposite party favorable to the party interposing such a denial, especially where it is the manifest intention of the latter not to deny such averments, but to avail himself of them. Moreover, the plaintiff introduced evidence proving or tending to prove the averment of *Mrs. Bannister's* title, for he put in evidence a conveyance of the mortgaged premises to her.

It would or might be a great injustice to *Mrs. Bannister* to deny her right to show, if she can, that the mortgage has been paid; for although it may be that Mr. Gillett was once liable to her on his covenants in the conveyance of the mortgaged premises to her grantor, yet now the statute of limitations has apparently run against an action on the covenants, and if payment of the mortgage be not proved and a foreclosure thereof be decreed, the whole burden may fall upon her.

Inasmuch as pleadings are now to be liberally construed, with a view to substantial justice between the parties (R. S., ch. 125, sec. 21), it must be held that *Mrs. Bannister* has not denied that she has title to the mortgaged premises, and is, therefore, in a position to defend the action by showing that the mortgage debt has been paid. And were this otherwise, an amendment to the answer would be proper, to make it correspond with the averment in the complaint and the proofs in respect to *Mrs. Bannister's* title.

II. After careful deliberation, we have reached the conclusion that, on the evidence as it stands, the plaintiff is entitled to judgment. I confess I am not as clear on this point as my brethren seem to be, yet I am unable to see my way with satisfactory clearness to the opposite conclusion. Had Mr. Gillett testified (as he does not seem to have done) that he had some recollection, however vague, of having paid the mortgage debt, or if any facts and circumstances other than the mere fact of delay and the plaintiff's inability to produce the original securities had been proved, which tended, although but slightly, to show that such debt had been paid, I might hold, perhaps, that there is a presumption of payment, which the evidence on behalf of the plaintiff is not sufficient to overcome. But on the testimony in the record, I am unable to demonstrate the existence of such presumption.

It is not deemed necessary to go into an extended discussion of the evidence, or to elaborate the reasons which have impelled us to the above conclusion. It is sufficient to say that we fail to find evidence sufficient to raise a presumption of payment; and, in the absence of such evidence, the execution of the note and mortgage being proved, the legal presumption is that the mortgage debt has not been paid.

It must, however, be conceded that there is considerable doubt and uncertainty as to what the fact is, and we think it probable that other testimony throwing light upon the question of payment may be obtained. For example, by the

exercise of due diligence, it is probable that Butler can be found; and his testimony may solve the doubt one way or the other. In view of these considerations, we have concluded not to direct a judgment for the plaintiff in the first instance, but to pursue the course adopted in *Law v. Grant*, 37 Wis., 548; that is, to remand the case for a new trial, if the defendant *Mrs. Bannister* satisfies the court, by affidavit or other proper proof, that on another trial she will probably be able to produce sufficient additional testimony to change, or which may change, the result. Otherwise the plaintiff should have judgment.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings as herein indicated.