## McWilliams vs. Bannister, imp.

New Trials: *Practice in respect to motions therefor.*

| 42 | 301 |
|-----|-----|
| 102 | 101 |

1. An application for a new trial is a motion, which, with the papers on which it is founded, must be served upon the opposite party, who is also entitled to an opportunity of presenting affidavits or other evidence against the motion.

2. A judgment for defendant in a mortgage foreclosure having been reversed by this court with direction that if defendant should satisfy the trial court, by affidavit or other proper proof, that on another trial she would probably be able to produce sufficient additional evidence to change the result, and plaintiff having taken an order on defendant in the trial court to show cause why judgment of foreclosure should not be entered, the court, at the hearing of this motion, granted a new trial on plaintiff's application then made, and an affidavit in her behalf then read, without any notice of such motion, or copy of such affidavit, having been served. *Held*, error.

3. A new trial should be granted to defendant only upon reasonable terms, including payment of costs of the former appeal; and it should be limited to the question suggested by this court.

APPEAL from the Circuit Court for *Fond du Lac* County.

On a former appeal in this action (which was for the fore-closure of a mortgage), an order of the circuit court directing judgment to be entered for the defendants (upon the ground that the mortgage appeared to have been paid), this court reversed the order and remanded the cause with a suggestion that a new trial should be granted in case the defendant *Mrs. Bannister* should satisfy the circuit court, by affidavit or other proper proof, that on another trial she would probably be able to produce sufficient additional testimony to change, or which might change, the result; and that otherwise judg-ment should be entered for the plaintiff. See 40 Wis., 489. The *remittitur* in the action was filed in the circuit court De-cember 8, 1876; and thereupon plaintiff obtained an order on defendant to show cause why final judgment should not be entered. The order was returnable December 11th, but was not reached until the 21st of that month, when, on application of defendant's attorney, without affidavit, the hearing was con-tinued until January 3, 1877, to enable said attorney to pro-duce the affidavit of a certain person resident in Milwaukee, who knew the residence of A. G. Butler (whose relation to the case is hereafter described), for the purpose of obtaining a new trial. The plaintiff objected to this postponement, on the grounds, 1. That no notice of any application for a new trial had been given, nor any affidavits or papers served, upon which such an application was proposed to be made. 2. That defendant had not paid the costs of the former appeal. The court overruled the objection, and denied plaintiff's applica-tion for leave to make and file affidavits to resist the applica-tion for a new trial, and refused to require defendant to pay the costs of the former appeal as a condition precedent to the granting of a new trial.

On the 3d of January, 1877, said order to show cause came on to be heard; and defendant, by her attorney, offered and read an affidavit of said attorney, stating that since the trial of this action he had ascertained the residence of A. G. But-

ler, the banker with whom the plaintiff, in his testimony upon the trial of this cause, stated that he had deposited the mortgage in suit; that said Butler resided, as affiant was informed and believed, at a place specified in the state of Michigan; and that his testimony could be procured in this action, to show what was his connection, if any, with the note and mortgage in suit; that the defendant *Mrs. Bannister* would be able, as affiant believed, to show what entries had been made upon the bank books of said Butler in relation to said note and mortgage, if any, and to produce the books in evidence; that affiant verily believed that the note and mortgage had been fully paid; that he also believed that defendant, upon a new trial, would be able to prove other facts and circumstances tending to show that said note and mortgage had been paid, from which it would be made to appear to the satisfaction of the court that they had been in fact paid. The affidavit further stated that the affiant had had the sole management and control of the defense in this action, and was more fully acquainted with the facts and circumstances therein than the defendant, and, as warrantor of the title to the mortgaged property, was interested in maintaining the defense. Upon this affidavit, defendant moved for a new trial. Plaintiff objected to the consideration of said affidavit on said application, or the granting of a new trial, on the grounds that no notice of the application for a new trial had been given, nor papers on which it was founded served, and that defendant had not paid the costs of the former appeal; and, in support of the latter ground of objection, he made proof of demand of payment of the taxed bill of costs on said appeal, and that the same remained unpaid. These objections were overruled, and a new trial granted, without terms. Plaintiff filed exceptions to the order on the grounds already stated, and also on the ground that the order did not require payment of the former costs on appeal as a *condition* of the relief granted; that the affidavit of defendant's attorney showed no sufficient ground for granting a new

trial; and that the order should at least have restricted the new trial to the sole issue of payment; and he appealed from said order.

The cause was submitted for the appellant on a brief signed by *Charles E. Shepard,* as his attorney, and *E. S. Bragg,* of counsel. They contended, 1. That it was error to allow an application for a new trial to be, heard without notice and without service of the affidavit upon which the motion was to be founded. 1 Burr. Pr., 468; 3 Waite's Pr., 236; R. S., ch. 133, sec. 41; R. S., ch. 140, secs. 28–30; Circuit Court Rule 22 of 1857; C. C. Rule 11 of 1854 (Tay. Stats., 2020); Rule adopted February 11, 1862 (25 Wis., Appendix B.). Under the practice prior to the statute of 1856, when a new trial was asked for newly discovered evidence, a case had to be settled on notice, and the motion heard upon it. *Jones v. Evans,* 28 Wis., 168; *Carroll v. More,* 30 id., 575. And since the statute there still remains the same wise provision requiring notice of motion accompanied by copies of all new papers sought to be used. Ch. 150 of 1876. 2. That the court exceeded the bounds of judicial discretion in granting a new trial without terms. 3 Waite's Pr., 441, 511, and cases cited; *Emmons v. Sheldon,* 26 Wis., 648; *Carroll v. More,* 30 id., 575. 3. That the affidavit was wholly insufficient. Applications for new trials on newly discovered evidence are regarded with suspicion (*Edmister v. Garrison,* 18 Wis., 594), and received with great caution (*Conradt v. Sixbee,* 21 Wis., 383; Hilliard on N. T., 493, § 4); they must show clearly due diligence used to procure the proposed evidence at the former trial (*Edmister v. Garrison, supra;* Hilliard on N. T., 495, § 6); such evidence must be material (3 Waite's Pr., 416, and cases there cited; *Wilson v. Plank,* 41 Wis., 94), and such as ought to be decisive, and productive, in another trial, of an opposite result upon the merits (Hilliard on N. T., 491, 492, § 2, 518, § 40; *Powell v. Jones,* 42 Barb., 24; *Conradt v. Sixbee, supra);* the application should set out the evidence,

that the court may judge of its materiality (*Moss v. Vroman*, 5 Wis., 147; Hilliard, 515–16, §§ 36, 38); and if the affidavits of the proposed witnesses cannot be produced, their non-production must be satisfactorily excused (*Dunbar v. Hollinshead*, 10 Wis., 505; Hilliard, 515, § 37). Counsel criticised the affidavit in this case as failing entirely to comply with these requirements.

For the respondent, the cause was submitted on the brief of *J. M. Gillet*, who contended that the production by defendant of an " affidavit or other proof" was sufficient to justify the circuit court in granting a new trial, as this court had ordered a new trial upon the production of such proof; that, the circuit judge being satisfied with the proof offered, his decision was not subject to review; and that the order was right in itself.

RYAN, C. J.   We hold upon this appeal:

1st. That the respondent's application for a new trial was a motion: which, with the papers on which it was founded, should have been served upon the appellant.  And that the appellant should have had the opportunity of presenting affidavits or other evidence against the motion.

2d. That a new trial should be granted to the respondent, if at all, only upon reasonable terms, including payment of the costs of the former appeal (*McWilliams v. Bannister*, 40 Wis., 489), and of this appeal.

3d. That any order for a new trial should limit the trial to the question of payment.

We forbear comment on the merits of the application, as made; as it might tend to prejudice one party or the other, on a new motion, on new papers. For we think that the order should be reversed without prejudice to the right of the respondent to make a proper motion, on proper papers, within proper time.

*By the Court.* — The order of the court below is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.