McDonald vs. The Green Bay & Mississippi Canal Company.

STAY OF PROCEEDINGS: *Security for payment of judgment for flowage of land.*

This action being for damages which accrued to plaintiff's lands by flowage caused by the defendant's works for improving Fox river, prior to September, 1872, when the United States took possession of such works, and there being an action pending against the United States by the same plaintiff for the same damages, in the same court, said court granted a stay of proceedings in this cause until such other action should be determined. *Held*, that this was a proper exercise of discretion, and the appeal must be dismissed; but this court intimates that, upon plaintiff's making application therefor, the circuit court should vacate the stay unless the defendant shall *give security for the payment of any judgment herein which may be obtained against it,* as required by sec. 22, ch. 119 of 1872, as amended by ch. 291 of 1873.

APPEAL from the Circuit Court for *Fond du Lac* County.

McDonald vs. The Green Bay & Mississippi Canal Company.

This was an appeal by the plaintiff from an order staying proceedings in the cause, made at the July term, 1876. The nature of the action, and the grounds upon which the stay was granted, will sufficiently appear from the opinion.

Briefs were filed, by *Taylor & Sutherland* for the appellant, and by *Sloan, Stevens & Morris* for the respondent; and the cause was argued orally by *David Taylor* and *B. J. Stevens*.

For the appellant it was contended, among other things, that if he had a right to recover against the United States damages which accrued before the United States became the owner of the improvement, still he could not be compelled to seek that remedy, but might waive it and hold the defendant liable; that he considered his claim for such damages against the United States a doubtful claim, and, rather than take the chances of a litigation upon it, preferred to pursue his remedy against the defendant, as he clearly had a right to do; that under the law of congress he could recover his claim for damages against the United States only in case the officer in charge of the improvement was of the opinion that the dam causing the damage was necessary to the improvement and could not be lowered, a matter which is of no importance in this suit against the company; and that the appellant would be entirely at the mercy of congress for an appropriation to pay his claim, if allowed.

For the respondent it was argued, at length, 1. That, under the acts of congress relating to the subject, the United States are liable for all the damages to which plaintiff is entitled for the flowage of his land, whether the same accrued before or after the transfer of the improvement to the United States. 2. That the court is deprived of jurisdiction in this case. (1.) Because an award of damages has been made in favor of the plaintiff against the United States, in which award are merged the damages which the plaintiff seeks to recover against the canal company. (2.) Because an action of trespass will not lie, but the plaintiff is confined to the statutory remedy

provided by the Board of Works Act (Laws of 1848, p. 62). (3.) Because, if not to the latter, he is at least confined to the additional or substituted remedy provided by the act of congress of 1875, and the acts of the legislature of 1874, ch. 291, and 1872, ch. 119, as amended. 3. That there was no error in staying the proceedings in this action until the final determination of the proceedings for compensation against the United States. If the remedy by a procedure under the statute for compensation is exclusive, or if a fund to secure the payment of full compensation has been provided, then clearly there is no error in granting this stay. If the damages to be recovered in this action, when paid by the company, are to be deducted from the amount of compensation payable by the United States, when ascertained, and proceedings are on foot to ascertain that amount, what good purpose can be served by proceeding with this case to judgment? See *Kennedy v. Railroad Co.*, 22 Wis., 581.

COLE, J. The argument on the part of the respondent took a range which we do not deem it necessary to follow on this appeal. The question as to what may be the obligations or equities between the defendant company and the United States, growing out of the transfer of the works of the company to the United States, is not properly before us, and will not be discussed. This action is to recover the damages which the plaintiff has sustained in consequence of the flowage of his land by the defendant for six years before the commencement of the suit. It appears that, after the transfer of the improvement to the United States, the plaintiff instituted proceedings under ch. 119 of the laws of 1872, ch. 291 of the laws of 1874, and the act of congress (ch. 166) approved March 3, 1875, to obtain compensation for damages occasioned by the flowage of his lands. In his petition in that proceeding, he claims compensation for all the damages which he has sustained by reason of the flowage, as well before the United

States became the owner of the improvement as subsequent thereto. The commissioners refused to assess any damages for injuries prior to September 18, 1872, that being the time when the United States took possession of the works of the company; the liability of the United States for any damage prior to that time being denied. Both parties took an appeal from the award of the commissioners, and that cause is now pending in the circuit court for Fond du Lac county. After that appeal, and while the cause was pending in the circuit court, the defendant company applied for and obtained a stay of proceedings in this suit until the determination of the action against the United States. This appeal is from the order granting such stay. The order staying proceedings in the first instance would not seem to be an improper exercise of the discretion of the court in the matter; but it should be vacated by the court unless the defendant (if required) give security for the payment of any judgment which may hereafter be obtained against it. " The order staying proceedings is, of course, in all cases subject to modification or vacation by the court making it, whenever, in the exercise of a sound discretion, the same shall be deemed necessary and proper." DIXON, C. J., in *Parmalee v. Wheeler*, 32 Wis., 429–434. And therefore, if the suit against the United States should be unnecessarily delayed or unreasonably defended; or if the plaintiff should fail to recover in that suit the damages claimed in this; or if the plaintiff should be unable to collect his judgment against the United States — in each case supposed, it would be the duty of the circuit court to vacate the stay, and allow the plaintiff to proceed with this action. Possibly all the objects of this suit may be obtained in the proceedings against the United States for compensation; and, if so, its further prosecution would seem unnecessary. But, as before remarked, if the plaintiff demands it as a condition to continuing the stay, the defendant should give security according to the provisions of ch. 119, *supra*. By the 22d section of that

act, as amended by ch. 291, Laws of 1873, when a railroad company shall not have acquired title to the lands upon which its road is constructed, or if, at any time after an attempt to acquire title by purchase, appraisal or otherwise, the title acquired is found defective, the company is empowered to proceed to acquire or perfect the title; and at any stage of the proceeding, the court in which the same is pending may authorize the company to continue in possession, or to take possession during the pendency of such proceeding, and may stay all actions against the company on account thereof, upon the company's giving security, as the court may direct, to pay the compensation when finally ascertained. Ch. 291, Laws of 1874, enacts that compensation for damages occasioned by flowage may be ascertained as provided by ch. 119; and we think section 22, as amended, is applicable to the stay in the present case. It is true, the application for the stay was addressed to the discretion of the court; but we think it would be an abuse of that discretion not to require security in the event the plaintiff demands it. For he is certainly entitled to compensation, either from the defendant or the United States, for the injuries past and future which have been or may be done to his land by the maintenance of the dam. And it is no hardship to require the defendant to give security as a condition to continuing the stay.

With this expression of our views for the guidance of the circuit court, the appeal must be dismissed.

*By the Court.*— Appeal dismissed.

RYAN, C. J., took no part.

On a motion for a rehearing, the defendant's counsel contended that the requirement to give security, other than upon the property of the company, in a case like this, was oppressive, the stockholders of the company being nonresidents and not personally liable beyond the value of their respective stock; that the property of the company was the only fund to

which the plaintiff could resort for payment, if the action were not stayed but should proceed immediately to a judgment in his favor; and that if a sufficient amount of such property to cover any judgment that he could possibly recover herein, were set apart for his security as a condition of staying the proceedings, this was all that could justly and reasonably be demanded; and the decision of this court should at least be modified to that extent.   They also argued that the foregoing decision, in so far as it affirms the stay of proceedings herein, proceeds upon the assumption that the United States are under obligation to pay the damages here demanded; and that, if this is so, the act of congress of March 3, 1875, and the acts of the legislature of this state, ch. 291 of 1874, and ch. 119 of 1872, as amended by ch. 291 of 1873, operate to delay plaintiff in resorting to his common-law remedy in trespass against the company until he shall have exhausted the remedy furnished by those acts; and therefore that defendant was legally entitled to a stay herein without terms.

The motion for a rehearing was denied.