BLESCH vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

PRACTICE.   *(1-3) Consolidation of actions.   (4) Appealable orders; stay of proceedings.*

1. The statute respecting the consolidation of actions (sec. 42, ch. 125, R. S. 1858) provides for such consolidation only "when the actions might have been joined."
2. An action against a railroad company for a trespass to lands in building or maintaining its road thereon, without license or condemnation of the land, cannot be joined with a proceeding by the company to condemn the land under ch. 119 of 1872; and an appeal to the circuit court in the latter proceeding cannot be consolidated with such an action for trespass pending in the same court.
3. It is *discretionary* with the court in all cases to refuse a consolidation of actions.
4. An order refusing to *stay proceedings* in the trespass action until trial of the appeal in the condemnation proceeding, is in the discretion of the court, and *not appealable.*

APPEAL from the Circuit Court for *Brown* County.

Trespass, for damages to plaintiff's land from the building, maintenance and operation of defendant's railroad thereon. Defendant appealed from an order denying its motion for a stay of proceedings, in this and another like action by the same plaintiff, until an appeal from an award of commissioners in proceedings to condemn land of the plaintiff for its use, should be tried; or for a consolidation of said actions with said appeal. The case is more fully stated in the opinion.

The cause was submitted on the brief of *Wm. Ruger* for the appellant, and that of *Hastings & Greene* for the respondent.

ORTON, J.   In September, 1873, the respondent commenced a suit against the appellant in the circuit court of Brown county, in trespass, to recover damages to his lands in the city of Green Bay, occasioned by the building and operating of the railway of the appellant upon and near the same. In June, 1876, the respondent commenced a second action against the appellant, in trespass, for damages to the same lands, occasioned in the same way, accruing since the commencement of the first suit. Both of these actions are pending in said court. In October, 1876, commissioners, appointed under ch. 119, Laws of 1872, and its amendments, to appraise and assess the damages to said lands caused by the building of said railway, made their report, from which report the company appealed to said court; and that appeal is now pending.

This appeal is taken from an order of said court denying the motion of the appellant for a stay of the proceedings in said trespass actions until the trial of said appeal, or for a consolidation of said actions with said appeal and the report appealed from. The statute in respect to consolidating actions, sec. 42, ch. 125, R. S. 1858, provides for such consolidation only when the actions "might have been joined." It is clear that these trespass actions could not have been joined with the proceedings to appraise the value and damages for the taking of these lands for railway purposes, under the statute referred to; and therefore they cannot be consolidated and tried together.

In any case, however, such an order in denial of a motion to consolidate actions, is *discretionary*.

The order refusing to stay the proceedings in the two actions of trespass until the appeal from the award of the commissioners is tried, is, in principle, like the case of *Johnston, Ex'r, etc., v. Reiley*, 24 Wis., 494, and in the discretion of the court, and not appealable.

*By the Court.* — The appeal is dismissed, with costs.

RYAN, C. J., took no part.