## FELT vs. AMIDON and others.

*December 2 — December 16, 1879.*

*Stay of proceedings: Order not appealable.*

1. On reversal by this court of a judgment in favor of the plaintiff in an action, the circuit court has power to stay his further proceedings therein until he shall pay the costs adjudged against him on the appeal; and the order, being grantable at discretion, is not appealable.
[2. Plaintiff's remedy in case he deems the stay unreasonable, somewhat considered per TAYLOR, J., but not determined; and cases suggested in which an order staying proceedings until a specific act be performed, may be appealable under subd. 1, sec. 3069, R. S.]

APPEAL from the Circuit Court for *Dodge* County.

This court having reversed a judgment recovered by the plaintiff against the defendants in this action, and awarded costs to defendants (43 Wis., 467), the circuit court, after the cause was remitted, made an. order, on defendants' motion, staying proceedings in the action on plaintiff's part until such costs should be paid. Plaintiff appealed from the order.

The cause was submitted on the brief of *E. P. Smith* and *H. W. Sawyer* for the appellant, and that of *H. W. Lander* and *J. B. Hays* for the respondent.

For the appellant it was contended, 1. That the order was appealable. *Tubbs v. Doll*, 15 Wis., 640; *Dole v. Northrop*, 19 id., 249; *Abbott v. Johnson*, 47 id., 239. The record shows that the plaintiff is poor and unable to pay the costs; and under these circumstances the order *in effect* determines the action and prevents a judgment from which an appeal might be taken. Besides, when an order staying proceedings is made in a case where the court has no *authority* to grant it, the order must be appealable. If an action *ex contractu* were stayed until plaintiff's note to defendant should be paid, the order would certainly be appealable, defendant's proper remedy being by counterclaim and not by a stay. In *Flanders v. Merri-*

*mac*, 44 Wis., 621, an order conditioning a change of venue upon payment of costs was held appealable; and one conditioning plaintiff's right to prosecute his action at all upon payment of costs must also be appealable. *Cram v. Bradford*, 4 Abb. Pr., 193; *Green v. Wood*, 6 id., 277; *La Farge v. La Farge Ins. Co.*, 14 How. Pr., 26; *Abbott v. Johnson*, 47 Wis., 239. Any act which has the effect to defeat or embarrass plaintiff's remedy, is in conflict with the principle and whole policy of the common law. *Lock Co. v. Railroad Co.*, 10 Am. Law. Reg., N. S., 260–63; *Smith v. N. Y. Cent. R. R. Co.*, 43 Barb., 225. 2. That, as defendants had judgment for their costs, and had issued execution therefor, their object in procuring the stay must have been either to bar plaintiff's action or to use the order as a proceeding supplemental to execution; that a proceeding by that method for that purpose is wholly unauthorized; and that the only way to review it was by appeal. *Sudlow v. Knox*, 7 Abb. Pr., N. S., 411. 3. That as the supreme court had granted a new trial absolutely, and not conditioned upon payment of the costs of that court, the circuit court had no right to deny such new trial. The supreme court awarded an execution to collect the costs; and it has exclusive jurisdiction over its own judgments and costs awarded therein, and competent power to enforce such judgments (R. S., secs. 2407, 2953); and the circuit court has no control over such judgments. R. S., sec. 2420; 63 Barb., 417; and see *Platto v. Deuster*, 22 Wis., 485; *Endter v. Lennon*, 46 id., 300. 4. That the effect of the order was to deny plaintiff's right to have his remedy "promptly and without delay," and compel him to *purchase* justice, in contravention of sec. 9, art. I of the state constitution. The fact that a stay of proceedings may be granted in one action until another involving the same question is decided, has no bearing here, since in such cases the question is left to be settled without delay in one of the actions. *Whittaker v. Janesville*, 33 Wis., 76; *Durkee v.*

*Janesville*, 28 id., 464; *Oatman v. Bond*, 15 id., 20.    5. That the court has no power in either awarding *or collecting* costs, except as specially provided by statute.    *Re Jackman*, 26 Wis., 144; *Abbott v. Johnson, supra.*    In New York, when causes have been stayed until costs already adjudged were paid, no question of plaintiff's ability to pay them entered into the case; and a poor plaintiff was entitled to sue *in forma pauperis*, free from costs.    A stay of proceedings in that state until costs of a former cause or trial are paid, is based upon the presumption that the proceedings are *vexatious*.    *Ex parte Stone*, 3 Cow., 380; *Lawrence v. Dickenson*, 2 id., 580; *Demarest v. Wynkoop*, 2 Johns. Ch., 561; *Kerr v. Davis*, 7 Paige, 53; *Pinney v. Johnson*, 2 Wend., 623.    And this view has been adopted and emphasized in this state.    *McIntosh v. Hoben*, 11 Wis., 400.    6. That it appeared clearly from the record that since the commencement of the action defendants had disposed of their unexempt property, to prevent the collection of any judgment which plaintiff might recover herein; and that under such circumstances they were not entitled to any favor at the hands of the court, and they should be left to offset the costs in question against the judgment which plaintiff may recover.

For the respondents it was argued, 1. That the order was not appealable under subd. 5, sec. 3069, R. S., as involving the merits or affecting a substantial right.    *Rahn v. Gunnison*, 12 Wis., 528; *Kewaunee Co. v. Decker*, 28 id., 669; *Johnston v. Reiley*, 24 id., 494; *Parmalee v. Wheeler*, 32 id., 429; *Noble v. Strachan*, id., 314; *Will of Kneeland*, 40 id., 344; *Blesch v. Railway Co.*, 44 id., 593.    2. That the order was right, and within the sound discretion of the court.    *McWilliams v. Bannister*, 42 Wis., 301; *McIntosh v. Hoben*, 11 id., 400; *Jackson v. Schauber*, 4 Wend., 216; *Kentish v. Tatham*, 6 Hill, 372.    No constitutional objection lies against the order which would not be equally valid against the power to impose costs at all, and especially against the power granted by law to both the circuit courts and justices' courts, to require plaint-

iffs in certain cases to give security for future possible costs before proceeding with their actions. at all. R. S., secs. 2942, 3782; *Campbell v. Railway Co.*, 23 Wis., 490.

TAYLOR, J. This is an appeal from an order of the circuit court staying proceedings on the part of the plaintiff and appellant until he pays the costs awarded to the respondents by this court upon the reversal of the judgment recovered against them in this action. It is insisted by the learned counsel for the respondents, that the order is not appealable under the statute.

The right to appeal from an order of the circuit court to this court is given and limited by section 3069, R. S. 1878, which section is substantially section 10, ch. 264, Laws of 1860, 2 Tay. Stats., 1635.

If this order be appealable at all under the provisions of said section, it must be under the first subdivision, which reads as follows: " An order affecting a substantial right in any action, when such order in effect determines the action, and prevents a, judgment from which an appeal might be taken."

It is insisted by the learned counsel for the appellant, that the order appealed from comes within the spirit, if not within the letter, of this provision, and that the order does in effect determine the action, and prevents a judgment. It is possible that the order may have that effect, but it does not by its terms. The stay is only granted until the plaintiff shall pay a certain amount of costs due to the respondent. If the money be paid, the stay of the plaintiff's proceedings ceases, and he may then proceed to judgment. We think this section refers to such orders, and such only, as by their very nature determine the. action or prevent a judgment; and does not cover orders which simply stay the proceedings of the plaintiff until he shall perform some act or pay a sum of money. An order which stayed proceedings until an act should be per-

formed which it was impossible to perform, or which required the performance of an unlawful act, might be construed to be an order which determined the action or prevented a judgment, and as therefore within the provision above quoted, and appealable; but when an order stays proceedings until an act shall be performed which is not illegal, and which is such as can ordinarily be performed, such stay cannot be said to determine the action or prevent a judgment.

An order staying proceedings in an action, not amounting to a perpetual stay, is generally within the discretion of the court in which the action is pending; and, when granted for a cause which is a good ground for a stay, in the discretion of the court granting it, such order is not appealable. This court has so held in the following cases: *Johnston, Ex'r, v. Reiley*, 24 Wis., 494; *Parmalee v. Wheeler*, 32 Wis., 429; *Noble v. Strachan*, id., 314; *McLeod v. Bertschy*, 30 Wis., 324; *In re the Will of Kneeland*, 40 Wis., 344; *McDonald v. The Green Bay & Miss. Canal Co.*, 42 Wis., 335; *Blesch v. Railroad Co.*, 44 Wis., 593, 595. These cases seem to have settled this question. But it is insisted that if the facts upon which the order staying proceedings is based are such that it is evident that the court granting the stay had no right to grant the same, or that the granting of the same was an abuse of discretion, then this court ought to take jurisdiction, upon appeal from such order, and reverse the same. This does not seem to have been the view taken by this court in the cases above cited.

It seems that the proper method to be pursued, in the first instance, by the party complaining of the stay, when he deems the stay unreasonable, is to move the court granting the same either to vacate or modify the same. If, upon such motion, the court should arbitrarily or unreasonably refuse to modify or vacate the order, some of the cases above cited intimate that an appeal from such last order would be sustained, probably upon the ground that such order would in-

volve the merits of the action, or some part thereof, within the meaning of subdivision 4 of said section 3069. Such appears to have been the opinion of Justice LYON, as intimated in *Noble v. Strachan, supra.* In the case of *In re the Kneeland Will, supra,* Justice COLE strongly intimates that the remedy in such case would be by *mandamus.* Without determining what would be the proper remedy of the person prejudiced by an arbitrary and unjust refusal to vacate an order staying proceedings unreasonably, we are satisfied that such order, made in the first instance upon facts which call for the exercise of the discretion of the court below, is not appealable.

We might rest this case here; but, as the learned counsel for the appellant insists that the circuit court exceeded its powers in granting the stay in this case, we will briefly examine that question. Had the court the right to stay plaintiff's proceedings until the costs of the appeal in the action were paid? There being no law of this state forbidding the granting of such stay, we think the court had the right to make the order in its discretion, upon the facts appearing on the motion. If, after an honest effort on the part of the appellant to comply with the order, it should be made to appear to the court below that it was impossible for him to comply therewith, on account of his poverty and inability to induce any one to advance the money to pay such costs, and if the court should refuse to modify or vacate such order, it might present the question whether the court had abused its discretion in continuing the order. Whether absolute inability, on account of poverty and want of credit, to pay the costs, is in any case a full defense to an application to stay proceedings in his action until the same are paid, it is unnecessary to decide in this case, as the evidence upon which the order was made does not establish that fact. Even in such case we think the court would be justified in granting the order, if it appeared that the prosecution was vexatious or without merits; and in a case where it

satisfactorily appeared that the plaintiff had a good cause of action, and was prosecuting it in good faith, it is hardly to be anticipated that the court would prohibit his prosecution thereof permanently, by requiring him to pay costs which it was impossible for him to pay.

Poverty alone is not a sufficient reason for requiring a plaintiff to give security for costs. *Watson v. Fraser*, 10 L. J., 1841, Exch., 420; *Yarworth v. Mitchel*, 2 Dow. & Ryl., 423; 1 Marshall's Reports, 4; *Senter v. Carr*, 15 N. H., 375. While poverty alone should not be a sufficient cause for granting a stay of proceedings until costs accrued and due to the opposite party are paid, neither is it a good defense to an application to stay proceedings until costs incurred have been paid, when it appears that the prosecution is vexatious or not carried on in good faith.

It was held in the court of King's Bench in England, that a plaintiff who was prosecuting an action *in forma pauperis* should have his proceedings stayed until he paid the costs of a former action between the same parties for the same cause, in which he had been nonsuited. *Weston v. Withers*, 2 Term R., 511, and cases, decided in 1788; *Haigh v. Paris*, 16 L. J., 1847, Exch., 37, decided in 1846.

It is almost a universal rule, that, when a plaintiff has been nonsuited in an action, he will not be permitted to proceed in another action against the same parties for the same cause until he has paid the costs of the former action. This rule is based upon the presumption that the second action is vexatious, or, if not vexatious, that the failure to succeed in the first action was attributable to the fault of the plaintiff, and that it would be unjust to permit him to proceed with the second action until the costs to which the opposite party was put by the first prosecution are paid. The rule as to staying proceedings until costs incurred in the same action and payable to the opposite party are paid, is not, perhaps, as well established as the rule in regard to the costs of a former action between the same

parties for the same cause. The reasons, however, which induce the courts to stay proceedings in the latter case, will apply with more or less force to the former. But courts should, perhaps, be more cautious in applying the rule to the case of costs incurred and payable to the opposite party on a reversal of a judgment in favor of a plaintiff, than in the case of the commencement of a second suit after failure to prosecute the first to judgment. In the latter case the failure is very generally attributable to some fault or neglect of the plaintiff; and in the former, the fact that he has prosecuted the case to judgment in his favor is, to say the least, some evidence that he has a good cause of action against the defendant, and of the good faith of the plaintiff in prosecuting the same; and the reversal thereof upon appeal may be upon questions that neither impeach the plaintiff's good faith nor tend to show that he has not a meritorious cause of action. The court would hardly be justified, therefore, in staying the plaintiff's proceedings upon the sole ground that the costs of the appeal were not paid.

Ordinarily there would be no necessity for a stay, as the costs could be collected upon execution; but when the plaintiff has no property which can be seized upon execution, and it is shown that he has the means of paying and refuses payment, it would be a proper exercise of the power of the court to constrain payment by a stay of proceedings, rather than put the opposite party to the extraordinary proceeding of garnishment, or a bill in equity, to collect the same; or if the party were poor and unable to pay without the aid of his friends, still the court would be justified in staying his proceedings until such costs were paid, if it appeared that he was clearly in fault, and that such costs were caused by his laches or misconduct, or if there was a want of good faith in prosecuting the case further.

This court, in the case of *McIntosh v. Hoben*, 11 Wis., 400, recognizes the right to stay proceedings until the costs of an

appeal in the action are paid.   See, also, the case of *Mc William v. Bannister*, 42 Wis., 301.   The supreme court of New York stayed the plaintiff's proceedings until the costs upon a reversal of judgments in his favor by the court of errors were paid.   *Jackson v. Schauber*, 4 Wend., 216.   The case was similar to the one at bar.   There was no question as to the ability of the plaintiffs to pay the costs, but it appeared that they avoided attachments which had been issued to compel their payment.   See, also, *Dresser v. Brooks*, 1 Abb. Dec., 555.   In this case the court of appeals stayed the proceedings on a second appeal until the costs of the first appeal were paid.

We have no doubt of the propriety of staying the plaintiff's proceedings, under proper circumstances, for not paying costs which have been adjudged to the defendant, upon an appeal, by this court.   The fact that the defendant has a judgment for such costs, upon which an execution can issue, is no bar to the making of such order.   If that fact precludes the court from granting such order, then it would. preclude the court from staying proceedings for the nonpayment of the costs of a former·action in which the plaintiff was nonsuited, as in all such cases the defendant is entitled to judgment and execution for such costs; yet, in the very large number of cases in which such stay has been granted, both in the English courts and the courts of this country, such objection has never been held to be a bar to granting the stay.

There being no doubt as to the power of the court to grant the stay until the costs of the defendant on the appeal are paid, and the order being one which is granted in the discretion of the court in which the action is pending, it is not appealable.

*By the Court.* — The appeal is dismissed, with costs.