CLARK v. BAY CIRCUIT JUDGE.

154    483
,s155   425

1. COSTS—SECURITY—STAY—PROPRIETY—COSTS INCLUDED.
   An order for security for costs, including accrued as well as prospective costs, with stay until filed, entered after reversal in this court, is within the discretion of the circuit court. Section 9992, 3 Comp. Laws.

2. APPEAL AND ERROR — FINALITY OF ORDERS — SECURITY FOR COSTS.
   An order for security for costs, with stay until filed, is not a final order, and error will not lie for that reason.

Mandamus by Charles Clark, administrator of the estate of William F. Clark, deceased, to compel Chester L. Collins, circuit judge of Bay county, to vacate an order staying proceedings in an action at law. Submitted July 7, 1908. (Calendar No. 22,915.) Writ denied November 2, 1908.

*De Vere Hall,* for relator.

*Cooley & Hewitt,* for respondent.

HOOKER, J. I am not prepared to say that an order for security for costs, with stay until filed, was not within the discretion of the circuit judge, and that it might not include accrued, as well as prospective, costs.

"The court in which any civil action shall be pending, may, in all cases, when it shall appear reasonable and proper, require the plaintiff to give sufficient security for all such costs as may be awarded against him therein." 3 Comp. Laws, § 9992.

Or that the payment of adjudged costs of a former trial or review may not be required before a second trial is entered upon. The latter practice is plain in New York, from whence our practice comes, and elsewhere. The rule was applied in a habeas corpus proceeding in *Ex parte Stone,* 3 Cow. (N. Y.) 380, and to a second trial in an ejectment case in *Jackson* v. *Schauber,* 4 Wend. (N. Y.) 216. See, also, *Griffin* v. *Round Lake Camp Meet-*

*ing Ass'n*, 26 Hun (N. Y.), 314; *Jackson* v. *Carpenter*, 3 Cow. (N. Y.) 22, and *Dresser* v. *Brooks*, 1 Abb. Dec. (N. Y.) 556.

The case of *Gerrish* v. *Pratt*, 6 Minn. 53, is an authority for the practice followed in this cause. In *Felt* v. *Amidon*, 48 Wis. 66, the authority to stay proceedings in the trial court until the costs of a former appeal should be paid was sustained, and it was said that the order was a discretionary one, not subject to review, except possibly for abuse of discretion. See, also, *Johnston* v. *Reiley*, 24 Wis. 494; *Parmalee* v. *Wheeler*, 32 Wis. 429; *Noble* v. *Strachan*, 32 Wis. 314; *McLeod* v. *Bertschy*, 30 Wis. 324; *In re Will of Kneeland*, 40 Wis. 344; *Blesch* v. *Railway Co.*, 44 Wis. 593, 595; *McIntosh* v. *Hoben*, 11 Wis. 400. The subject is considered and discussed at length, and many cases cited, by Philips, J., in *Buckles* v. *Railway Co.*, 47 Fed. 424, and the practice upheld as one lodged in all courts. This doctrine is announced in the case of *Henderson* v. *Griffin*, 5 Pet. (U. S.) 151. See, also, *Robinson* v. *Transportation Co.*, 16 R. I. 217.

I think that the order was not a final order, and that error would not lie for that reason. We must assume that the learned circuit judge exercised his best judgment in the interest of justice, and necessarily his opportunity for knowing the character of the claim in this case is better than ours. We should not say, therefore, that he has abused his discretion. The writ should be denied, with costs.

GRANT, C. J., and MONTGOMERY and McALVAY, JJ., concurred.

OSTRANDER, J. I concur in denying the writ on the ground that it does not appear that the circuit judge had before him evidence of the inability of the parties interested to pay the costs of this court. If the fact appeared, I think the writ should issue.

MOORE, J., concurred.