GOLDIE *v.* BAY CIRCUIT JUDGE.

COSTS—MODIFICATION OF ORDER—DISCRETION OF TRIAL COURT.

In denying a motion for a judgment of nonsuit for failure to pay costs, the trial court modified the order by providing that plaintiff might file an approved bond as security for the payment of the accrued and any costs thereafter accruing in favor of defendants, all to be paid on the final disposition of the cause. *Held*, that the failure to pay the costs within the time limited did not give to the order the effect of a final order, or exhaust the discretion of the trial court as to its modification.

Mandamus by William Goldie and another to compel Chester L. Collins, circuit judge of Bay county, to vacate an order denying a motion for a judgment of nonsuit. Submitted January 12, 1909. (Calendar No. 23,226½.) Application denied February 2, 1909.

*Cooley & Hewitt,* for relators.

BLAIR, C. J. Charles Clark having recovered a judgment as administrator against petitioners, they secured a reversal thereof in this court November 7, 1906. *Clark* v. *Goldie,* 146 Mich. 303. November 26th costs of this court

were taxed in favor of petitioners at the sum of $204.51. March 6, 1908, an order was entered in the circuit court staying proceedings until such costs were paid, with "leave to pay the same at any time before the first day of the next ensuing term of this court." The next term of said court commenced on the 12th day of May. On the 9th day of May counsel for plaintiff moved to set aside the order of March 6th. This motion was denied May 23, 1908, and the order denying the motion was on the 2d day of November, 1908, affirmed by this court. *Clark* v. *Bay Circuit Judge,* 154 Mich. 483.

The costs remaining unpaid, petitioners moved in the circuit court for a judgment of nonsuit. On the 2d day of January, 1909, an order was entered "that plaintiff have 30 days, from and including this day, in which to file an approved bond as security for the payment of the accrued and any costs hereafter accruing in favor of defendants, all such costs to be paid on the final disposition of the said cause. It is further ordered that on the filing of such approved bond said motion be denied." Petitioners apply to this court for an order requiring the respondent to show cause why the last order should not be vacated and an order of nonsuit entered.

We held in the case of *Clark* v. *Bay Circuit Judge,* supra, that the order staying proceedings and requiring payment of the costs was not a final order. We are also of the opinion that the failure to pay the costs within the time limited did not give to the order the effect of a final order, or exhaust the discretion of the circuit judge to modify the order.

The application is denied, with costs.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.